# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT A. MCMILLAN; THE MCMILLAN LAW FIRM, APC,<br><br>　　　　Plaintiffs,<br>　v.<br>DARREN D. CHAKER, et al.,<br>　　　　Defendants. | CASE NO. 16cv2186-WQH-MDD<br><br>ORDER |

HAYES, Judge:

　　The matter before this Court is the motion to change venue filed by Defendant Darren D. Chaker. (ECF No. 15).

**I. Background**

　　On August 29, 2016, Plaintiffs Scott A. McMillan and the McMillan Law Firm, APC initiated this action by filing a complaint against Defendants Darren D. Chaker, an individual and as trustee of Platinum Holdings Group Trust, dba Counter Forensics; Nicole Chaker, an individual and as trustee of Nicole Chaker Trust One; Vania Chaker, an individual and as trustee of Vania Chaker Trust One. (ECF No. 1). The complaint alleges causes of action for (1) Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c); (2) Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d); and (3) civil extortion. *Id.*

　　On November 14, 2016, Defendant Darren D. Chaker filed the motion to change venue. (ECF No. 15). On December 5, 2016, Plaintiff filed a response in opposition

to the motion to change venue. (ECF No. 22). On December 6, 2015, Plaintiff filed a response in opposition to the motion to change venue.[1] (ECF No. 27). On December 12, 2016, Defendant filed a reply. (ECF No. 32).

On December 5, 2016, Plaintiffs filed an amended complaint against Defendants Darren D. Chaker, an individual and as trustee of Platinum Holdings Groups Trust, dba Counter Forensics; Nicole Chaker, an individual, and as trustee of The Nicole Chaker Revocable Living Trust, U/A dated August 18, 2010; Vania Chaker, an individual and as beneficiary of the Island Revocable Trust under Declaration of Trust dated June 2, 2015; and Marcus Mack, as trustee of The Island Revocable Trust under Declaration of Trust dated June 2, 2015. (ECF No. 25). The amended complaint alleges the same three causes of action as the original complaint.[2] *Id.* The amended complaint alleges that Defendants Vania Chaker, Darren Chaker, and Nicole Chaker "functioned together as a continuing unit with a common purpose to obtain Plaintiffs' property under fear induced by falsely imputing a deformity, disgrace or crimes and by threats to do unlawful injury to the person or property." *Id.* at 33. Plaintiff alleges that Defendant engaged in multiple acts of racketeering, including sending letters and emails threatening Plaintiff's property and posting defamatory statements on multiple websites, including scott-mcmillan-law.blogspot.com. *Id.* at 37-41. In relation to scott-mcmillan-law.blogspot.com, Plaintiff alleges that Defendant operated the website without Plaintiff's authorization to use his name and posted that Plaintiff had molested his daughter, among other things. *Id.* at 22. Plaintiff alleges these factual allegations in support of his RICO and civil extortion causes of action.

**II. Contentions of the Parties**

Defendant Darren Chaker moves to transfer the venue of this action to the Central

---

[1] Plaintiff failed to include a signature on the initial response filed on December 5, 2016. (ECF No. 22). The response filed on December 6, 2016 is identical in relevant part to the previous response but includes a signature. (ECF No. 27).

[2] Defendant Nicole Chaker's motion to dismiss the amended complaint (ECF No. 35) and motion to strike (ECF No. 36) the amended complaint remain pending.

1  District of California, Eastern Division. (ECF No. 15-1 at 5). Defendant contends that
2  federal claims relating to the postings on Defendant's website, scott-mcmillan-
3  law.blogspot.com, are required to be litigated in United States District Court, Central
4  District of California, Eastern Division pursuant to the Terms of Use ("TOU") of the
5  website. (ECF No. 15-1). Defendant contends that a majority of Plaintiff's allegations
6  involved the posting of material on Defendant's website. (ECF No. 15-1 at 10).
7  Defendant contends that Plaintiff agreed to "sole and exclusive jurisdiction" Eastern
8  Division of the Central District by logging onto the website. *Id.* Defendant contends
9  that the browsewrap agreement containing the TOU is conspicuously placed on each
10 page of the website and that Plaintiff had actual notice of the TOU.

11     Plaintiff contends that he did not enter into a contractual relationship with
12 Defendant by viewing the website because he obtained no benefit and provided no
13 "unambiguous manifestation of assent." (ECF No. 27 at 9). Plaintiff contends that any
14 alleged contract cannot be enforced because it lacks consideration and fails to identify
15 parties to the contract. *Id.* at 9-10. Plaintiff contends that Defendant provides no
16 evidence of the contents of the TOU on the specific days Plaintiff visited the website.
17 *Id.* at 10. Plaintiff contends the website did not provide sufficient notice of the TOU.
18 *Id.* at 12-14. Plaintiff contends that the forum selection clause cannot be enforced
19 because Plaintiff did not sue Defendant on the contract but rather alleges causes of
20 action sounding in tort. *Id.* at 11.

21 **III. Discussion**

22     In support of his motion to change venue, Defendant filed a declaration and
23 multiple exhibits.[3] (ECF No. 15-2). Defendant's declaration states that he "maintained

---

[3] Plaintiff contends that Defendant's declaration in support of the motion to transfer venue is inadmissible because Defendant did not sign the document under penalty of perjury as required by 28 U.S.C. § 1746. (ECF No.27 at 5). In his reply, Defendant states that his declaration was technically deficient but was curable. Defendant states that he filed an Amended Declaration with his reply that includes the language "under penalty of perjury." (ECF No. 32 at 10). The docket reflects that Defendant has not filed this Amended Declaration. The Court accepts the Declaration for purposes of this motion and Order.

the blog located at Scott-McMillan-Law.BlogSpot.com and knows the Terms of Use ("TOU") stated within." *Id.* at 2. Defendant states,

> 6. Each webpage of [Scott-McMillan-Law.BlogSpot.com] had the TOU on it, and at all times was conspicuously places in the middle of the page on the right have side of the webpage. The lettering was in 12-point font, and in red bold letters stated, "Read Terms of Use - First Link Below This Titles." Directly below the conspicuous notice was a hyperlink in 11-point font, which states: "By continuing past this page and/or using this site, you agree to abide by the Terms of Use of this site.

*Id.* Defendant states that according to a tracking log on the site, Scott A. McMillan or someone using his IP address accessed the blog in question multiple times on December 8, 2014 and "thus, had notice of the TOU." *Id.* at 3. Defendant states, "On December 8, 2014, . . . I emailed Mr. McMillan notifying him of the TOU and provided a direct link to the same. The same day I noticed Mr. McMillan accessed the direct link to the TOU." *Id.* Defendant states that he took a photograph of the blog on December 8, 2014 and filed a true and correct copy of the photograph as Exhibit D. *Id.* at 3-4. Defendant states that Plaintiff or someone using his IP address accessed the blog on multiple occasions in 2014 and 2015. *Id.* Defendant includes as Exhibit A a copy of the TOU, which states,

> You/We agree that jurisdiction over and venue in any and all conceivable disputes, claim, cause of action, injunction, writ, or other legal arising out of, in connection with, or relating to this agreement and relationships among the parties contemplated by this Agreement, or other legal proceeding directly or indirectly arising out of or relating to this site whatsoever, including the validity of the Terms of Use, shall be in the Superior Court for Los Angeles County, Glendale Courthouse, or United States District Court, Central District of California, Eastern Division. You/We acknowledge the Superior Court for Los Angeles County, Glendale Courthouse, or United States District Court, Central District of California, Eastern Division is the exclusive , correct, and only venue and understand your legal recourse in the Superior Court of Los Angeles County, Glendale Courthouse, or United States District Court, Central District of California, Eastern Division, may be far more limited than where you reside. The decision which court to file, state or federal, is up to the filing party and agree you will file in the proper court.

*Id.* at 10-11.

Plaintiff filed a declaration with his response in opposition stating, "I have never denied looking at that site. . . . My sole reason for looking at the site scott-mcmillan-

law.blogspot.com was that I was aware that Mr. Chaker had posted false, defamatory and scandalous statements about me and my law practice on it. It was necessary for me to look at the site to protect and defend my reputation, and that of The McMillan Law Firm." (ECF No. 27-1 at 2). Plaintiff states that in viewing the site, he did not intend to and did not enter a commercial or contractual relationship, did not intend to and did not obtain any benefit from looking at this site, did not use any services of, obtain any information from, or initiate any application within the website, and did not intend to or have any reason to believe he was binding himself to the TOU. *Id.*

28 U.S.C. section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "[A] forum-selection clause may be enforced by a motion to transfer under § 1404(a) . . ." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,* 134 S. Ct. 568, 575 (2013). District courts apply federal law to the interpretation of forum selection clauses. *Manetti Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir.1988). There is a strong presumption in favor of enforcing valid forum selection clauses. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972). "Forum selection clauses are *prima facie* valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" *Manetti-Farrow*, 858 F.2d at 514-15 (quoting *Bremen*, 407 U.S. at 18). "*Bremen* mandates enforcement of such clauses absent a showing of fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum as to deprive the party seeking to avoid enforcement of a meaningful day in court." *Spradlin v. Lear Siegler-Management Servs. Co., Inc.*, 926 F.2d 865, 868 (9th Cir. 1991). "[F]orum selection clauses can be equally applicable to contractual and tort causes of action." *Manetti-Farrow*, 858 F.2d at 514. "Whether a forum selection clause applies to tort claims depends on whether resolution of the

claims relates to interpretation of the contract." *Id.*

"While new commerce on the Internet has exposed courts to many new situations, it has not fundamentally changed the principles of contract." *Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (citing *Register.com, Inc. V. Verio, Inc.*, 356 F.3d 393, 403 (2d Cir. 2004). "One such principle is the requirement that 'mutual manifestation of assent, whether by written or spoken word or by conduct is the touchstone of contract.'" *Id.* (citing *Specht v. Netscape Comm'ns Corp.*, 306 F.3d 917, 29 (2d Cir. 2002)). In a browsewrap agreement, a "website's terms and conditions of use are generally posted on the website via a hyperlink at the bottom of the screen." *Id.* at 1176. A browsewrap agreement does not require the user to expressly manifest assent to the terms and conditions; a user assents to the terms and conditions in a browsewrap agreement by using the website. *Id.* "Because no affirmative action is required by the website user to agree to the terms of contract other than his or her use of the website, the determination of the validity of the browsewrap contract depends on whether the user has actual or constructive knowledge of a website's terms and conditions." *Id.* (quoting *Van Tassell v. United Mktg. Grp.*, LLC, 795 F.Supp.2d 770, 790 (N.D. Ill. 2011)). Where there is no evidence of actual knowledge of a browsewrap agreement, "the validity of the browsewrap agreement turns on whether the website puts a reasonably prudent used on inquiry notice of the terms in the contract." *Id.* at 1177.

In this case, Plaintiff alleges three causes of action which relate in part to material posted on Defendant Chaker's website, scott-mcmillan-law.blogspot.com. The website contains a TOU in the form of a browsewrap agreement, which seeks to require website users to bring any federal lawsuit relating to the website in the Central District. In his declaration, Plaintiff concedes that he had actual knowledge of the TOU of the website. While courts often consider a browsewrap agreement enforceable if a website user has actual knowledge of the agreement, the facts of this case are distinguishable because the purported agreement containing the forum selection clause is unsupported by consideration.

A contract must be supported by valid consideration. Cal. Civ. Code § 1550.[4] For consideration to be valid, a promisee must confer, or agree to confer, a benefit or must suffer, or agree to suffer, prejudice in exchange for a promise. Cal. Civ. Code § 1605; *see Steiner v. Thexton*, 226 P.3d 359, 366 (2010). In cases cited by Defendant, parties visited websites containing browsewrap or clickwrap agreements to obtain some personal, often commercial, benefit. *See*, *e.g.*, *Crawford v. Beachbody*, LLC, No. 14cv1583-GPC(KSC), 2014 WL 6606563 (S.D. Cal. Nov. 5, 2014) (enforcing a "hybrid clickwrap/browsewrap agreement" on a website which a plaintiff used to order and pay for skincare products). In this case, Plaintiff states that he visited the website not to secure any personal benefit but in preparation for this litigation relating the allegedly defamatory material posted on a website maintained by Defendant. Plaintiff states that he "did not use any services of, obtain any information from, or initiate any application within the website." (ECF No. 27-1). Plaintiff states that his sole reason for looking at the website was the fact that Defendant "posted false, defamatory, and scandalous statements" about Plaintiff and Plaintiff's law practice.[5] *Id.* The Court concludes there is no consideration to support the purported browsewrap agreement between Plaintiff and Defendant because Plaintiff did not gain any benefit or forbearance from an act in exchange for visiting Defendant's website. *See Traton News, LLC v. Traton Corp.*, 914 F. Supp 2d 901, 909-10 (S.D. Ohio 2012) (finding that a forum selection clause in a browsewrap agreement was unenforceable because no consideration supported the contract when a party "visited the website in order to view what negative material was being posted about its company in order to protect its reputation.").

Defendant has not established that there is a valid, enforceable forum selection

---

[4] "[F]ederal courts look to state law to determine the existence of a contract." *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 737 (9th Cir. 2009)

[5] In support of his motion, Defendant Chaker included a copy of a page from the website which states in part, "Scott McMillan . . . who operates the McMillan Academy of Law out of his office without a single graduate passing the bar, can now add alleged sex offenses committed against his daughter." (Exhibit D, ECF No 15-2 at 22).

clause between the parties requiring that this matter be litigated in the Central District and has provided no other grounds for the transfer. The Court concludes that there are no grounds to support transfer of this case to the Central District.

**IV. Conclusion**

IT IS HEREBY ORDERED that the motion to change venue is DENIED. (ECF No. 15).

DATED: February 17, 2017

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge