# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT A. MCMILLAN, an individual; THE MCMILLAN LAW FIRM, APC, a California professional corporation,<br><br>Plaintiffs,<br>v.<br>DARREN D. CHAKER, an individual, and as trustee of PLATINUM HOLDINGS GROUP TRUST doing business as Counter Forensics, *et al.*,<br><br>Defendants. | CASE NO. 16cv2186-WQH-MDD<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the motion to dismiss and the motion to strike Plaintiffs' third cause of action filed by Defendant Nicole Chaker (ECF Nos. 35, 36); the motion to dismiss and motion to strike filed by Defendant Darren D. Chaker (ECF Nos. 55, 56); the motion to dismiss or alternatively to quash service filed by Defendant Vania Chaker (ECF No. 59); and, the motion for sanctions by Defendant Darren Chaker (ECF No. 66).

## I. BACKGROUND

On December 5, 2016, Plaintiffs Scott A. McMillan and The McMillan Law Firm, APC filed the First Amended Complaint ("FAC") against Defendant Darren D. Chaker, an individual and as trustee of Platinum Holdings Group Trust, dba Counter Forensics; Defendant Nicole Chaker, an individual and as trustee of The Nicole Chaker

Revocable Living Trust, U/A dates August 18, 2010; Defendant Vania Chaker, an individual and as beneficiary of The Island Revocable Trust under Declaration of Trust dated June 2, 2015; and Defendant Marcus Mack, as trustee of the Island Revocable Trust under Declaration of Trust dates June 2, 2015. (ECF No. 25). The FAC alleges two causes of action under the Racketeer Influenced and Corrupt Organizations ("RICO") Act pursuant to 18 U.S.C. § 1962(c) and (d) and a civil extortion cause of action under California law.

**II. ALLEGATIONS OF THE FIRST AMENDED COMPLAINT ("FAC")**

Plaintiff Scott McMillan is a California licensed attorney practicing law and operating an unaccredited law school. (ECF No. 25 at ¶5). Plaintiff McMillan Law Firm, APC is a corporation operated by Scott McMillan. *Id.* ¶ 6. Defendants Vania and Nicole Chaker are Defendant Darren Chaker's sister and mother, respectively.

Plaintiffs allege that Defendants constitute a RICO enterprise functioning together "as a continuing unit with a common purpose to obtain the Plaintiffs' property under fear induced by falsely imputing a deformity, disgrace, or crimes, and by threats to do an unlawful injury to the person or property . . . all in violation of Cal. Penal Code section 523 (extortion)." *Id.* ¶ 88. "The common purpose of the Enterprise members was to assist each other in the filing of false and meritless lawsuits under federal debt collection statutes; assist each other in the filing of lawsuits against attorneys who opposed them . . . and to conduct a campaign of harassment, defamation, and extortion against attorneys, such as the Plaintiffs, who represented parties adverse to the interests of the Enterprise members . . . ." *Id.* ¶ 91. "Enterprise member also assisted each other in committing vandalism against Plaintiff's property." *Id.*

Defendant Darren Chaker is alleged to have committed multiple acts of racketeering activity through acts involving extortion in violation of California Penal Code sections 518, 519, and 523. *Id.* ¶¶ 94-109. Plaintiffs allege that Darren Chaker sent threatening letters and communications; posted defamatory and fabricated statements online; sent letters threatening Plaintiffs' clients; and sent defamatory emails

to other attorneys and colleagues of Plaintiff McMillan. *Id.* Plaintiffs allege that these acts constitute extortion because Defendant "obtained from Plaintiff his intangible property right to practice law free of threats, and to practice in accordance with the California Rules of Professional Conduct" and "obtained from Plaintiffs their intangible property right to practice law and publish court decisions on the internet." *Id.* at ¶¶ 99-109.

Plaintiffs bring the first cause of action for a violation of RICO, 18 U.S.C. § 1962(c) against Defendant Darren Chaker. *Id.* ¶¶ 84-114. Plaintiffs bring a second cause of action for conspiracy to violate RICO, 18 U.S.C. § 1962(d) against all Defendants. *Id.* ¶¶ 115-119. Plaintiffs bring a third cause of action for civil extortion under California law against Defendants Darren Chaker and Nicole Chaker. *Id.* ¶¶ 120-133.

### III. LEGAL STANDARD ON RULE 12(B)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a

1 complaint to survive a motion to dismiss, the non-conclusory factual content, and
2 reasonable inferences from that content, must be plausibly suggestive of a claim
3 entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir.
4 2009) (internal quotation marks omitted).

**IV. MOTIONS TO DISMISS BY DARREN CHAKER AND NICOLE CHAKER (ECF Nos. 35, 56)**

Defendant Darren Chaker contends that the FAC should be dismissed with prejudice for failure to state a claim. Defendant Darren Chaker contends that the RICO cause of action pursuant to 18 U.S.C. §1962(c) must be dismissed because Plaintiffs fail to adequately allege facts to support the predicate act of extortion. (ECF No. 56-1 at 10). Defendant Darren Chaker contends that Plaintiffs fail to state a claim for extortion because Plaintiffs do not allege facts to show that Defendant Darren Chaker obtained property from Plaintiffs. *Id.* at 13. Defendant Darren Chaker further contends that Plaintiffs lack standing because the FAC fails to allege cognizable damages. *Id.* at 18. Defendant Darren Chaker contends that the second cause of action for RICO conspiracy, 18 U.S.C. § 1962(d), fails for the same reasons as the first cause of action. Defendant Darren Chaker contends that the Court should decline to exercise supplemental jurisdiction over the state law claim. *Id.* at 19-20.

Defendant Nicole Chaker also contends the FAC should be dismissed for failure to state a claim.[1] (ECF No. 35). Defendant Nicole Chaker contends that her alleged conduct is protected by the Noerr-Pennington doctrine. (ECF No. 35-1 at 13-16). Defendant Nicole Chaker contends that the RICO causes of action should be dismissed because Plaintiffs fail to adequately plead an enterprise with an effect on interstate commerce, a pattern of racketeering, cognizable damages, or sufficient conduct or

---

[1] Defendant Nicole Chaker files a request for judicial notice of document in the record of a district court case from the United States District Court for the Central District of California. (ECF No. 35-3). Plaintiffs' also file a request for judicial notice of court documents in other cases. (ECF No. 45-1). The Court denies the request for judicial notice as unnecessary. *See, e.g.*, *Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n. 12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

participation in enterprise affairs. *Id.* at 18-25. Defendant Nicole Chaker contends that the claim under § 1962(d) necessarily fails if the § 1962(c) claim is dismissed. *Id.* at 24. Defendant Nicole Chaker contends that Plaintiffs do not sufficiently allege any cognizable injury to support the cause of action for civil extortion. *Id.* at 25. Defendant Nicole Chaker contends that she is "protected by the litigation privilege under California Civil Code § 47." *Id.* at 29.

Plaintiffs contend that the FAC sufficiently alleges extortion pursuant to the California Penal Code as a predicate act for the RICO claims. (ECF No. 60). Plaintiffs contend that Defendant Darren Chaker "has obtained the Plaintiffs' property, i.e. the right to publicity, the goodwill in the business, the Plaintiff's ability to practice law, the Plaintiff's identity and the Plaintiffs' logo." *Id.* at 14-15. Plaintiffs further contend that the FAC alleges cognizable damages in the form of injury to a business or property. *Id.* at 20-21. Plaintiffs contend that federal law, state law, and California state courts define "property" broadly to include the damage to intangible property interests alleged in the complaint. *Id.* at 20-26. Plaintiffs contend that intangible property rights were obtained by Defendant Darren Chaker. *Id.* at 26-30. Plaintiffs contend that the Court should exercise its supplemental jurisdiction over the state law claim of civil extortion. *Id.* at 30-31. Plaintiffs contend that the Noerr-Pennington doctrine has no applicability to this case. (ECF No. 43 at 25). Plaintiffs contend that Defendant Nicole Chaker is not protected by the litigation privilege under California Civil Code section 47. Plaintiffs contend that the FAC adequately alleges that Defendant Nicole Chaker conspired to violate § 1962(c). *Id.* at 20. Plaintiffs contend that the FAC adequately alleges a civil extortion claim. *Id.* at 22-23.

**A. RICO, 18 U.S.C. § 1962(c)**

"The Racketeer Influenced and Corrupt Organizations ('RICO') Act . . . provides for both criminal and civil liability." *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (citing Pub. L. No. 91-452, § 901, 84 Stat. 922 (1970) (codified at 18 U.S.C. §§ 1961-1968)). "Under RICO's civil enforcement mechanism, 'any person injured in

his business or property by reason of a violation of [18 U.S.C. § 1962] may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . . .'" *Canyon Cty v. Sygenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008) (citing 18 U.S.C. § 1964(c)). "Subsections 1962(a) through (c) prohibit certain 'pattern[s] of racketeering activity' in relation to an 'enterprise.'" *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014). "To have standing under § 1964(c), a civil RICO plaintiff must show: (1) that his alleged harm qualifies as injury to his business or property; and (2) that his harm was 'by reason of' the RICO violation, which requires the plaintiff to establish proximate causation." *Id.* (citing *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)).

Section 1962(c) provides,

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). "The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *United Bhd. of Carpenters*, 770 F.3d at 837 (citing *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005)).

"A 'pattern of racketeering activity' requires at least two predicate acts of racketeering activity, as defined in 18 U.S.C. § 1961(1) within a period of ten years." *Canyon Cty*, 519 F.3d at 972. "Racketeering activity" as defined by statute includes "any act or threat involving . . . extortion, . . . which is chargeable under State law." 18 U.S.C. § 1961(1)(A). To constitute a predicate act of extortion for purposes of a RICO cause of action, the alleged act must satisfy the generic definition of extortion – "obtaining something of value from another with his consent inducted by the wrongful

use of force, fear, or threats." *United Bhd. of Carpenters*, 770 F.3d at 843 (citing *United States v. Nardello*, 393 U.S. 286 (1969)).

In *Scheidler v. National Organization for Women, Inc.*, the Supreme Court considered whether the use or threat of force, violence or fear to cause a party to "'give up' property rights, namely, 'a woman's right to seek medical services from a clinic, the right of the doctors, nurses or other clinic staff to perform their jobs, and the right of the clinics to provide medical services free from wrongful threats, violence, coercion and fear" constituted Hobbs Act extortion or a state extortion offense for purposes of a RICO predicate act. 537 U.S. 393, 400-01 (2003). The Court determined that although "[t]here was no dispute . . . that petitioners interfered with, disrupted, and in some instances completely deprived, respondents of their ability to exercise their property rights . . . . such acts did not constitute extortion because petitioners did not 'obtain respondents' property." *Id.* at 404-05. The Court further stated, "Petitioners may have deprived or sought to deprive respondents of their exclusive control of their business assets, but they did not acquire any such property. Petitioners neither pursued nor received 'something of value from' respondents that they could exercise, transfer or sell." *Id.* (citing *Nardello*, 393 U.S. at 290)).

In this case, Plaintiffs allege that the requisite predicate acts are multiple acts of extortion in violation of California Penal Code sections 518, 519, and 523.[2] An act of extortion which is chargeable under state law can constitute racketeering activity sufficient to support a RICO claim. *See* 18 U.S.C. § 1961(1)(A). However, to plead extortion as a predicate act, Plaintiffs must allege facts to show that the act involved "obtaining something of value from another." *United Bhd. of Carpenters*, 770 F.3d at 843; *Scheidler*, 537 U.S. at 410 ("[W]here as here the Model Penal Code and a majority of States recognize the crime of extortion as requiring a party to obtain or to seek to

---

[2] Plaintiffs allege the cause of action pursuant to 18 U.S.C. § 1962(c) solely against Defendant Darren Chaker. Plaintiffs do not allege the cause of action pursuant to 18 U.S.C. § 1962(c) against Defendant Nicole Chaker. (ECF No. 25 at 33; ECF No. 43 at 6).

obtain property, as the Hobbs Act requires, the state extortion offense for purposes of RICO must have a similar requirement."). Plaintiffs allege that various acts by Defendant Darren Chaker constitute state extortion offenses and predicate acts under RICO because Defendant Darren Chaker obtained from Plaintiffs the "intangible right to practice law and publish decisions on the internet" and the "intangible property right to practice law free of threats, and to practice in accordance with the California Rules of Professional Conduct." (ECF No. 25 at ¶¶ 99-109). The Court concludes that these factual allegations are insufficient to establish that Defendant Darren Chaker obtained something of value from Plaintiffs. *Scheidler*, 537 U.S. at 410. Because Plaintiffs fail to sufficiently allege a predicate act, Plaintiffs fail to state a claim pursuant to 18 U.S.C. § 1962(c). *See, e.g.*, *United Bhd. of Carpenters*, 770 F.3d at 837 (stating that a plaintiff must properly allege a predicate act to state a claim under RICO). The motion to dismiss the cause of action under 18 U.S.C.§ 1962(c) filed by Defendant Darren Chaker is granted.

**B. RICO Conspiracy, 18 U.S.C. § 1962(d)**

Plaintiffs bring a RICO conspiracy cause of action against all Defendants and allege that

> commencing in 2004 and during and continuing at all times to the present, RICO defendants conspired to violate section 1962(c), i.e. each defendant agreed that a conspirator (DARREN) would conduct or participate in the affairs of the Enterprise through a pattern of racketeering, including acts involving extortion in violation of California state law, as more fully described in the First Claim for Relief.

(ECF No. 25 at ¶ 116).

A civil RICO cause of action is available for a violation of 18 U.S.C. § 1962(d). *See* 18 U.S.C. § 1964(c). Pursuant to 18 U.S.C. § 1962(d), it is "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d). In *Howard v. Am. Online Inc.*, the Ninth Circuit Court of Appeals held that "Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO." 208 F.3d 741, 751 (9th Cir. 2000). The Court has determined that Plaintiffs did not adequately plead a

substantive violation of 18 U.S.C § 1962(c). The motions to dismiss the RICO conspiracy cause of action under 18 U.S.C. § 1962(d) filed by Defendants Nicole Chaker and Darren Chaker are granted.

### C. Civil Extortion Under State Law

The civil extortion cause of action alleged by Plaintiffs against Defendants Darren Chaker and Nicole Chaker does not arise under federal law. The FAC states that this case is properly in federal court based on federal question jurisdiction[3] and that this Court has supplemental jurisdiction over the remaining state law claim pursuant to 28 U.S.C. § 1367(a) because it is "so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." (ECF No. 25 at 2). The federal supplemental jurisdiction statute provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c).

Having dismissed the only federal claims asserted against Defendant Darren Chaker and Nicole Chaker, the Court declines to exercise supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367(c). *See San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998). The motions to dismiss the civil extortion cause of action filed by Defendants Nicole Chaker and Darren Chaker are granted.

### V. MOTIONS TO STRIKE BY DARREN CHAKER AND NICOLE CHAKER

---

[3] Plaintiffs also allege, "This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332." (ECF No. 25 at ¶ 1). Plaintiffs have failed to allege sufficient facts to establish diversity jurisdiction and this statement appears to be in reference to 28 U.S.C. § 1331.

1 **(ECF Nos. 55, 36)**

Defendant Darren Chaker filed a motion to strike portions of the FAC pursuant to Federal Rule of Civil Procedure 12(f). (ECF No. 55). The Court has dismissed the FAC as to Darren Chaker. Accordingly, the Court denies as moot Defendant Darren Chaker's motion to strike. (ECF No. 55).

Defendant Nicole Chaker filed an anti-SLAPP motion to strike the third cause of action pursuant to California Code of Civil Procedure section 425.16 and for an award of attorney's fees pursuant to California Code of Civil Procedure section 425.16(c). (ECF No. 36). As a result of the Court's decision to decline supplemental jurisdiction over the state law civil extortion claim, the Court does not reach the merits of this motion. The Court denies as moot Defendant Nicole Chaker's anti-SLAPP motion to strike and for attorney's fees and costs. (ECF No. 36).

**VI. MOTION TO DISMISS OR QUASH SERVICE BY VANIA CHAKER (ECF No. 59)**

"Specially Appearing Defendant" Vania Chaker moves the Court pursuant to Rule 12(b)(5) for an order dismissing the complaint or alternatively, for an order quashing defective service. (ECF No. 59). Defendant Vania Chaker contends that Plaintiffs failed to serve her prior to the Court's February 27, 2017 deadline for service. *Id.* at 4. Defendant Vania Chaker contends that Plaintiffs failed to serve her by personal service on February 6, 2017 at 6:02 p.m. as represented to the Court by Plaintiffs. *Id.* at 3. Defendant Vania Chaker contends that she has "strong and convincing" evidence that Plaintiff's purported proof of service is fabricated because Defendant Vania Chaker was not at this location at that time.[4] *Id.* at 3-5. Defendant Vania Chaker further

---

[4] Defendant Vania Chaker requests judicial notice of decision of the California Court of Appeal, Fourth District, Division 1. (ECF No. 59-3). Plaintiffs object to the request for judicial notice. (ECF No. 64-5). The Court does not rely on this material in reaching its decision and denies the request for judicial notice. *See, e.g.*, *Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n. 12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary"). Additionally, Defendant Vania Chaker filed evidentiary objections to declarations filed by Plaintiffs. (ECF Nos. 69-2, 69-3, 69-4). The Court has reviewed and considered these objections. A ruling on

1 contends that the Summons filed by Plaintiffs incorrectly names Vania Chaker as an individual and as trustee of Vania Chaker Trust. *Id.* at 3. Defendant Vania Chaker contends she should be dismissed from this action because Plaintiffs have failed to complete service despite two extensions of time and have failed to establish good cause for another extension of time. *Id.* at 7.

Plaintiffs contend that Defendant Vania Chaker was properly served on Feburary 6, 2017. Plaintiffs contend that the evidence offered in support of Defendant Vania Chaker's motion is not credible and does not establish that she was not home at the time stated in the proof of service filed with the Court.[5] (ECF No. 64). Plaintiffs contend that the Court should find service proper based on the substantial compliance doctrine. *Id.* at 5-6. Plaintiffs request that the Court deny this motion and order Defendant Vania Chaker to respond to the complaint within ten days. Plaintiffs request that, if the Court grants any portion of the motion, the Court extend time for service, designate counsel for Vania Chaker as agent for service of process, and order that her counsel accept the service by email. *Id.* at 8.

**A. Legal Standard**

"Without a proper basis for jurisdiction, or in the absence of service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), amended, 807 F.2d 1514 (9th Cir. 1987) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). Federal Rule of Civil Procedure 12(b)(5) authorizes a defendant to move to dismiss the complaint for insufficient service of process. Fed. R. Civ. P.

---

these objections is not necessary to resolve this motion.

[5] Plaintiffs filed evidentiary objections to the declaration filed by Vania Chaker in support of her motion. (ECF No. 64-4). The Court has reviewed and considered these objections. A ruling on these objections is not necessary to resolve this motion.

12(b)(5). Once a party challenges service, the plaintiff bears the burden to show that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). The court has discretion to dismiss an action or quash service if there is insufficiency of process or insufficiency of service. *See SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)).

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual within a judicial district of the United States by (1) following state law service requirements, or (2) service may be effected upon an individual by (A) delivering a copy of the summons and complaint to the individual personally, (B) by leaving a copy of each "at the individual's dwelling or usual place of abode" with someone of suitable age and discretion who resides there; or (C) by delivering a copy of each to an "agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

California Code of Civil Procedure section 415.20(a) states,

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served...a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office, or if no physical address is known, at his or her usual mailing address... with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left....

Cal. Code of Civ. P. § 415.20(a).

If a party receives sufficient notice of the complaint, Rule 4 is to be "liberally construed" to uphold service. *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994). "However, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4.'" *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (citing *Benny*, 799 F.2d at 492 (citation and quotes omitted)).

**B. Discussion**

Plaintiffs filed their original complaint on August 29, 2016 (ECF No. 1) and the

FAC on December 5, 2016 (ECF No. 25). On December 20, 2016, this Court issued an order granting Plaintiffs a second extension of time in which to complete service upon Defendant Vania Chaker. (ECF No. 38). The Order stated, "Plaintiffs' new deadline to achieve service on Vania Chaker is Monday, February 27, 2017." *Id.*

On February 27, 2017, Plaintiffs filed Proof of Service of Summons in the Complaint. (ECF No. 58). The document states that Defendant Vania Chaker was served by personal service on February 6, 2017 at 6:02 p.m. in San Diego by a registered process server. (ECF No. 58). Defendant Vania Chaker asserts she was not served on February 6, 2017. Defendant Vania Chaker provides receipts from purchases she made in Manhattan Beach, California around the time of service on February 6, 2017 to establish that she was not in San Diego at this time and date.

In a declaration filed in support of Plaintiffs' opposition, the process server states that on February 6, 2017 around 6 p.m., he observed Vania Chaker at the address stated in the proof of service document. He states that he

> jogged up towards the driveway, calling out "Hey you, Vania" or words to that effect. When I made the statement Ms. Chaker was in speaking distance to me, and my voice was sufficiently elevated to provide her notice that I was attempting to contact her. However, upon hearing my shout, Ms. Chaker, who had exited from the garage . . . made a dash for the front floor of the house. . . . Ms. Chaker entered the house and closed the door behind her. . . . I called out service by stating "your served Vania Chaker", and I tossed the papers over the fence, . . . I was not able to actually 'touch' her with the papers as she was behind a closed gate, and I did not intend to go off the public sidewalk onto private property. However I was within 10 yards of her, and as close as I could get in light of the barrier imposed by her fence.

(ECF No. 64-1 at 4).

Based on the statements offered in the declaration by the process server, the Court cannot conclude that Plaintiffs delivered a copy of the summons and complaint to Defendant Vania Chaker personally. *See* Fed. R. Civ. P. 4(e). Plaintiffs further contend that the Court should uphold service as proper under the substantial compliance doctrine. In *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, the Ninth Circuit Court of Appeals held,

> Sufficient service may be found where there is a good faith effort to

> comply with the requirements of Rule 4(e)(2) which has resulted in placement of the summons and complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendant's knowing and intentional actions to evade service.

551 F.3d at 1136. While Plaintiffs assert that Defendant Vania Chaker has attempted to evade service and that the process server left the papers in her proximity, Defendant Vania Chaker provides evidence that she was not present at the address when the alleged service was completed. The Court concludes that Plaintiffs have failed to satisfy their burden to demonstrate that service upon Defendant Vania Chaker was proper under Rule 4. *See id.* at 1135 ("neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4."). The Court grants Defendant Vania Chaker's motion to quash service of process. *See Issaquah School District No. 411*, 470 F.3d at 1293

However, the Court has determined that Plaintiffs did not adequately plead a substantive violation of 18 U.S.C § 1962(c). Accordingly, Plaintiffs' claim for a conspiracy to violate RICO pursuant to 18 U.S.C. § 1962(d) necessarily fails. *See supra* Part IV.B; *Howard*, 208 F.3d at 751. Conspiracy to violate RICO pursuant to 18 U.S.C. § 1962(d) is the only cause of action alleged against Defendant Vania Chaker. The Court dismisses the FAC without prejudice as to Defendant Vania Chaker. (ECF No. 25).

**VII. MOTION FOR SANCTIONS BY DARREN CHAKER (ECF No. 66)**

Defendant Darren Chaker filed a motion for sanctions against Plaintiffs pursuant to Rule 11 of the Federal Rules of Civil Procedure, or alternatively, the Court's inherent power. (ECF No. 66). Defendant Darren Chaker contends that sanctions are warranted because (1) the allegations in the FAC are "factually baseless from an objective perspective, and were included in the FAC for an improper purpose"; (2) Plaintiffs' RICO claims are frivolous; and (3) Plaintiffs' RICO claims were brought "for the improper purpose of naming Darren's mother . . . and sister . . . as Defendants . . . solely to harass Darren and his family." *Id.* at 2.

Plaintiffs contend that the motion is without merit and that the allegations of the FAC are proper, non-frivolous, and sufficiently supported by facts. (ECF No. 75).

Rule 11 of the Federal Rules of Civil Procedure provides in part,

> b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;...

Fed. R. Civ. P. 11(b)(3). When a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong analysis to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel*, *Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quotation omitted). "As shorthand for this test, we use the word 'frivolous' to denote a filing that is both baseless and made without a reasonable and competent inquiry." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quotation omitted).

After reviewing the motion and the submissions of the parties, the Court finds that the record in this case does not support the imposition of sanctions at this stage in the proceedings. The motion for sanctions is denied. (ECF No. 66).

## VIII. CONCLUSION

IT IS HEREBY ORDERED that Defendant Darren Chaker's motion to dismiss the First Amended Complaint is granted. (ECF No. 56). The First Amended Complaint (ECF No. 25) is dismissed without prejudice as to Defendant Darren Chaker. Accordingly, Defendant Darren Chaker's motion to strike portions of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f) is denied as

moot. (ECF No. 55).

IT IS HEREBY ORDERED that Defendant Darren Chaker's motion for sanctions is denied. (ECF No. 66)

IT IS HEREBY ORDERED that Defendant Nicole Chaker's motion to dismiss the First Amended Complaint is granted. (ECF No. 35). The First Amended Complaint (ECF No. 25) is dismissed without prejudice as to Defendant Nicole Chaker. Defendant Nicole Chaker's anti-SLAPP motion to strike and for attorneys' fees and costs is denied as moot. (ECF No. 36).

IT IS HEREBY ORDERED that Defendant Vania Chaker's motion to quash the service of process is granted. (ECF No. 59). The Court quashes service upon Defendant Vania Chaker and grants Plaintiffs sixty (60) days from the date any amended complaint is filed upon which to perfect service upon Vania Chaker in accordance with the requirements of Federal Rule of Civil Procedure 4.

IT IS FURTHER ORDERED that the First Amended Complaint (ECF No. 25) is dismissed without prejudice as to Defendant Vania Chaker. Plaintiffs shall file any motion for leave to file an amended complaint pursuant to Local Rule 7.1 and within thirty (30) days of the date this Order is issued.

DATED: August 28, 2017

**WILLIAM Q. HAYES**
United States District Judge