FILED

17 OCT -2 PM 2:42

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: /s/          DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT A. MCMILLAN, an individual; THE MCMILLAN LAW FIRM, APC, a California professional corporation,<br><br>Plaintiffs,<br>v.<br>DARREN D. CHAKER, an individual, and as trustee of PLATINUM HOLDINGS GROUP TRUST doing business as Counter Forensics, *et al.*,<br><br>Defendants. | CASE NO. 16cv2186-WQH-MDD<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Seal or for Protective Order filed by Defendant Darren D. Chaker. (ECF No. 78).

## I. BACKGROUND

On August 29, 2016, Plaintiffs Scott A. McMillan and The McMillan Law Firm ("Plaintiffs") initiated this action by filing a complaint alleging causes of action for violations of the Racketeer Influenced and Corrupt Organizations Act and civil extortion against Defendant Darren D. Chaker ("Defendant") and other defendants. (ECF No. 1). On December 5, 2016, Plaintiffs filed the First Amended Complaint alleging the same causes of action.[1] (ECF No. 25).

---

[1] The Court granted a motion to dismiss the First Amended Complaint on August 28, 2017. (ECF No. 83).

- 1 -

1  On May 22, 2017, Defendant filed the Motion to Seal or for Protective Order.
2  (ECF No. 78). Defendant requests that the Court seal the following three previously
3  filed documents: (1) Exhibit FF to the Original Complaint (ECF No. 1-30); (2) Exhibit
4  FF to the First Amended Complaint (ECF No. 25-29); and (3) Exhibit C attached to the
5  declaration of Plaintiff Scott McMillan in support of his opposition to Defendant's
6  motion for sanctions (ECF No. 75-1 at 121-141). Alternatively, Defendant moves the
7  Court for a protective order pursuant to Federal Rule of Civil Procedure 5.2(e). On
8  June 12, 2017, Plaintiff filed a response in opposition. (ECF No. 80). On June 19,
9  2017, Defendant filed a reply. (ECF No. 81).

## II. CONTENTIONS

Defendant contends that the Court should seal the three exhibits pursuant to common law or Federal Rule of Civil Procedure 5.2. Defendant contends that Exhibit FF to the original complaint and Exhibit FF to the first amended complaint contain personal and confidential information and could expose Defendant to identify theft. Defendant contends that the two Exhibits FF contain his date of birth, social security number, driver's license numbers, and other personal identifying details. Defendant contends that Plaintiff violated Rule 5.2 by filing Exhibit FF because Plaintiff did not redact the month and date of birth and the first five digits of Defendant's social security number. Defendant contends that the personal information in the exhibits is immaterial to this litigation and its inclusion in the record serves no public interest. Defendant contends that Exhibit C contains personal information such as addresses, dates of birth, driver's license information of Defendant's sister, medical information, and other personal information. Further, Defendant requests that the Court order that all counsel be restrained from publicly disseminating any portion of the sealed documents in this matter and that all documents shall be filed in compliance with Federal Rule of Civil Procedure 5.2. (ECF No. 78-1). Defendant contends that Exhibits 1, 2, 4, 6, 7 and 8 to Plaintiff's opposition to this motion (ECF No. 80) should be stricken or alternatively, sealed and/or fully redacted because these exhibits contain the same

1  personal information that is the subject of the motion to seal. (ECF No. 81 at 7).
2  Defendant contends that Plaintiffs should be sanctioned for knowingly refiling this
3  information in bad faith. *Id.*

4  Plaintiffs contend that there is no compelling reason to seal Exhibit FF or Exhibit
5  C. (ECF No. 80 at 7, 15). Plaintiffs contend that there are no social security numbers
6  listed in Exhibit FF and the addresses included in the exhibit are "primarily
7  thoroughfares or commercial buildings." *Id.* at 8. Plaintiffs contend that the month and
8  dates of birth can be redacted and driver's license numbers are not protected
9  information. *Id.* at 11. Plaintiffs contend that sensitive information in Exhibit C was
10 redacted prior to filing and that the exhibit does not list Defendant's personal address
11 or full date of birth. *Id.* at 15–18. Plaintiffs contend that Defendant does not have
12 standing to request the Court seal documents containing personal information about
13 Vania Chaker. *Id.* Plaintiffs contend that Exhibit FF and Exhibit C were not filed for
14 an improper purpose. Plaintiffs contend that sealing the documents is an overbroad
15 measure and "proposes that the best way to balance the interests of Defendant and the
16 public access would be to file the original exhibits under seal, and file the attached
17 proposed redacted versions on the public record." *Id.* at 8.

## III. LEGAL STANDARDS

19 "Historically, courts have recognized a 'general right to inspect and copy public
20 records and documents, including judicial records and documents.'" *Kamakana v. City*
21 *and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner*
22 *Commc'ns., Inc.*, 435 U.S. 589, 597 & n.7 (1978). "A party seeking to seal a judicial
23 record then bears the burden of overcoming this strong presumption by meeting the
24 compelling reasons standard. That is, the party must articulate compelling reasons
25 supported by specific factual findings . . . that outweigh the general history of access
26 and the public policies favoring disclosure . . . ." *Id.* at 1178–79 (citations and
27 quotation marks omitted). The presumed right to access court proceedings and
28 documents can be overcome "only by an overriding right or interest 'based on findings

that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Oregonian Publ'g Co. v. United States District Court*, 920 F.2d 1462, 1465 (9th Cir. 1990) (quoting *Press-Enterprise Co. v. Superior Court*, 446 U.S. 501, 510 (1985)).

"Under the compelling reasons standard, the district court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (quotations omitted). "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosures of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Id.* at 659 n.6 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)); *see also Kamakana*, 447 F.3d at 1179 ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.").

Further, Rule 5.2 provides,

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of the social-security number and taxpayer-identification number;
>
> (2) the year of the individual's birth;
>
> (3) the minor's initials; and
>
> (4) the last four digits of the financial-account number.

Fed. R. Civ. P. 5.2(a). Rule 5.2 provides exemptions from this redaction requirement for certain documents, including "the official record of a state-court proceeding." Fed. R. Civ. P. 5.2(b).

## IV. RULING OF THE COURT

The Court has reviewed the three exhibits. Exhibit FF to the Original Complaint (ECF No. 1-30), Exhibit FF to the First Amended Complaint (ECF No. 25-29), and Exhibit C attached to the declaration of Plaintiff Scott McMillan in support of his opposition to Defendant's motion for sanctions (ECF No. 75-1 at 121-141) contain personal and confidential identifying information related to Defendant. The confidential information contained in these exhibits, such as addresses, financial information, driver's license information, and a possible social security number, "could become a vehicle for improper purposes" and justifies sealing the exhibits. *Kamakana*, 447 F.3d at 1179. The Court finds that Defendant has carried his burden of overcoming the strong presumption in favor of public access by articulating compelling reasons, supported by specific factual findings, for sealing the documents. Further, because Exhibits 1, 2, 4, 5, 6, 7 and 8 attached to Plaintiffs' response in opposition to the motion to seal contain most of the same personal information, the Court finds that Defendant has carried his burden to seal these exhibits as well.

IT IS HEREBY ORDERED that the motion is GRANTED with respect to the request to seal and denied as to all other requests. (ECF No. 78). The Clerk of Court shall seal the following previously filed documents: (1) Exhibit FF to the Original Complaint (ECF No. 1-30); (2) Exhibit FF to the First Amended Complaint (ECF No. 25-29); (3) Exhibit C attached to the declaration of Plaintiff Scott McMillan in support of his opposition to Defendant's motion for sanctions (ECF No. 75-1 at 121-141); and, (4) Exhibits 1, 2, 4, 5, 6, 7, and 8 attached to Plaintiffs' response in opposition to the motion to seal (ECF Nos. 80-2, 80-3, 80-5, 80-6, 80-7, 80-8, 80-9).

DATED: 9/29/17

WILLIAM Q. HAYES
United States District Judge