

FILED
Feb 18 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ AKR DEPUTY

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT A. MCMILLAN and THE MCMILLAN LAW FIRM, APC, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> DARREN D. CHAKER, an individual, and as trustee of PLATINUM HOLDINGS GROUP TRUST, DBA Counter Forensics; et al., <br><br> Defendants - Appellees. | No. 17-56676 <br><br> D.C. No. 3:16-cv-02186-WQH-MDD <br> U.S. District Court for Southern California, San Diego <br><br> **MANDATE** |
| SCOTT A. MCMILLAN and THE MCMILLAN LAW FIRM, APC, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> NICOLE CHAKER, an individual, and as trustee of THE NICOLE CHAKER REVOCABLE LIVING TRUST, U/A dated August 18, 2010, <br><br> Defendant - Appellant. | No. 18-55343 <br><br> D.C. No. 3:16-cv-02186-WQH-MDD <br> U.S. District Court for Southern California, San Diego |

The judgment of this Court, entered January 27, 2020, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

          FOR THE COURT:

          MOLLY C. DWYER
          CLERK OF COURT

          By: Quy Le
          Deputy Clerk
          Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT A. MCMILLAN; THE MCMILLAN LAW FIRM, APC, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> DARREN D. CHAKER, DBA Counter Forensics, an individual, and as trustee of PLATINUM HOLDINGS GROUP TRUST; et al., <br><br> Defendants-Appellees. | No. 17-56676 <br><br> D.C. No. 3:16-cv-02186-WQH-MDD <br><br><br> MEMORANDUM[*] |
| SCOTT A. MCMILLAN; THE MCMILLAN LAW FIRM, APC, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> NICOLE CHAKER, an individual, and as trustee of THE NICOLE CHAKER REVOCABLE LIVING TRUST, U/A dated August 18, 2010, <br><br> Defendant-Appellant. | No. 18-55343 <br><br> D.C. No. 3:16-cv-02186-WQH-MDD |

Appeal from the United States District Court

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted January 7, 2020
Pasadena, California

Before: WATFORD, BENNETT, and LEE, Circuit Judges.

Plaintiffs Scott McMillan and The McMillan Law Firm appeal the dismissal of their Racketeer Influenced and Corrupt Organizations Act (RICO) claims and the district court's decision that Plaintiffs failed to personally serve Vania Chaker. Defendant Nicole Chaker cross-appeals the district court's decision to decline supplemental jurisdiction over Plaintiffs' state law civil extortion claim and to deny as moot her anti-SLAPP motion to strike the state law claim and for an award of attorneys' fees.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm. We review the dismissal of Plaintiffs' RICO claims de novo, construing material facts in the complaint as true and in the light most favorable to the nonmoving parties. *See Howard v. Am. Online Inc.*, 208 F.3d 741, 746 (9th Cir. 2000). "A district court's refusal to exercise supplemental jurisdiction is reviewed for abuse of discretion." *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001).

Plaintiffs' First Amended Complaint (FAC) alleges a substantive RICO violation against Darren Chaker based on the predicate act of extortion and a RICO conspiracy violation against all Defendants. To qualify as a predicate act of

2

extortion supporting a violation of 18 U.S.C. § 1962(c), "the conduct must be capable of being generically classified as extortionate." *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003). The generic definition of extortionate conduct is "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 843 (9th Cir. 2014) (quoting *United States v. Nardello*, 393 U.S. 286, 290 (1969)).

Plaintiffs failed to allege extortionate conduct because there are no allegations that Darren Chaker obtained property from Plaintiffs that he could "exercise, transfer, or sell." *See Scheidler*, 537 U.S. at 405. Plaintiffs' claim also fails because there are no allegations to support the "with [Plaintiffs'] consent" element. *United Bhd. of Carpenters & Joiners of Am.*, 770 F.3d at 843. Indeed, the FAC expressly states that Darren Chaker used Plaintiffs' names and logo without their consent. Thus, the district court properly dismissed the substantive RICO violation claim.

The district court also properly dismissed the conspiracy claim because the "failure to adequately plead a substantive violation of RICO precludes a claim for conspiracy." *Howard*, 208 F.3d at 751. Because we conclude that the RICO conspiracy claim was properly dismissed and that was the only claim brought against Vania Chaker, we need not decide whether the district court erred by

3

determining that Plaintiffs failed to personally serve Vania Chaker with the FAC.

As for Nicole Chaker's cross-appeal, the district court did not abuse its discretion by refusing to exercise supplemental jurisdiction over the remaining state law claim after properly dismissing the RICO claims. *See* 28 U.S.C. § 1367(c)(3); *Ove*, 264 F.3d at 826. And without a state law claim, it was proper for the district court to decline to address the anti-SLAPP motion. *See Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010) ("[A] federal court can only entertain anti-SLAPP special motions to strike in connection with state law claims . . . ."). In any case, Nicole Chaker waived the arguments she makes on cross-appeal because she failed to raise them below. *See Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir. 1996). Nothing in her motion to dismiss or anti-SLAPP motion alerted the district court that it should retain jurisdiction over the state law claim and rule on her anti-SLAPP motion should the court dismiss the RICO claims.

The parties shall bear their own costs on appeal.

**AFFIRMED.**[1]

---

[1] We DENY Darren Chaker's Motion to Strike Volume Eight of the Excerpts of Record and All References Thereto. Dkt. No. 134.

4