1  STEPHEN J. ERIGERO (SBN 121616)
   E. LACEY RICE (SBN 266748)
2  EDUARDO A. BRAVO (SBN 327967)
   **ROPERS MAJESKI PC**
3  445 South Figueroa St, 30th Floor
   Los Angeles, CA 90071
4  Telephone: 213.312.2000
   Facsimile: 213.312.2001
5  Email:     stephen.erigero@ropers.com
   Email:     lacy.rice@ropers.com
6  Email:     eduardo.bravo@ropers.com

7  Attorneys for Defendant
   DARREN D. CHAKER
8

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  SCOTT A. MCMILLAN, an individual;        Case No. 3:16-cv-2186-WQH-MDD
    THE MCMILLAN LAW FIRM, APC,
13  a California professional corporation,    *Hon. William O. Hayes*
                                              *Courtroom 14B*
14              Plaintiffs,
                                              **MEMORANDUM OF POINTS**
15      v.                                    **AND AUTHORITIES IN**
                                              **SUPPORT OF DEFENDANT**
16  DARREN D. CHAKER, an individual,         **DARREN D. CHAKER'S**
    and as trustee of PLATINUM               **MOTION TO SEAL PORTIONS**
17  HOLDINGS GROUP TRUST, dba                **OF PLAINTIFF SCOTT A.**
    COUNTER FORENSICS; NICOLE               **MCMILLAN'S COMPLAINT**
18  CHAKER, an individual, and as trustee    **AND FIRST AMENDED**
    of THE NICOLE CHAKER                     **COMPLAINT**
19  REVOCABLE LIVING TRUST, U/A
    dated August 18, 2010, VANIA            *[Filed Concurrently with Notice of*
20  CHAKER, an individual and as            *Motion, Declaration of Eduardo A.*
    beneficiary of The Island Revocable     *Bravo, Request for Judicial Notice*
21  Trust under,                            *and (Proposed) Order]*

22              Defendants.                  **DATE: AUGUST 3, 2020**

23                                           *NO ORAL ARGUMENT UNLESS*
                                            *REQUESTED BY THE COURT*
24

25                                           Action Filed:  August 29, 2016
                                             Trial Date:    None
26

27

28

4849-8411-1041.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant DARREN D. CHAKER, individually and as trustee of PLATINUM HOLDINGS GROUP TRUST, dba COUNTER FORENSICS ("Defendant") hereby respectfully submits the following Memorandum of Points and Authorities in support of his Motion to Seal pursuant to Federal Rule of Civil Procedure 5.2(d), or alternatively, for a Protective Order pursuant to Federal Rule of Civil Procedure 5.2(e).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This motion is directed at portions of Plaintiffs SCOTT A. MCMILLAN, ("McMillan") and THE MCMILLAN LAW FIRM, APC's (collectively, "Plaintiffs") Complaint and First Amended Complaint ("FAC") [Dkt. Nos. 1, 25.] This Court should enter an order sealing the portions of the Complaint and FAC [Docket Nos. 1 at ¶¶ 39, 40, 49, and 25 at ¶¶ 40, 41, 50], as they include reference to a California sealed paternity case (the "Paternity Case") involving Defendant DARREN D. CHAKER ("Defendant").

This information is immaterial to the claims of the case and its inclusion in the record serves no public interest.  The overriding private interests of Defendant will be prejudiced if these pleadings are not sealed and the proposed sealing has been narrowly tailored to achieve the privacy interests.  Accordingly, the Court should either: (a) enter an order sealing portions of the Complaint and FAC pursuant to Federal Rule of Civil Procedure 5.2(d) and common law, or (b) enter a protective order pursuant to Federal Rules of Civil Procedure 5.2(e) and 26(c) prohibiting any nonparty's remote electronic access to these portions of the Complaint and FAC.

/ / /

/ / /

/ / /

4849-8411-1041.1

- 2 -

## II.   **FACTS**

Plaintiffs allege that Defendant operates a website that posts unpublished judicial decisions.  [Docket No. 25 at ¶ 30].  Defendant asked McMillan to remove certain decisions involving him and McMillan refused.  [Docket No. 25 at ¶ 31]. Defendant allegedly began harassing McMillan by, *inter alia*, posting scandalous material about McMillan on the internet [Docket No. 25 at ¶ 36], thereby allegedly harming McMillan's law practice.  [Docket No. 25 at ¶ 80].  Consequently, Plaintiffs filed the instant suit alleging civil extortion and unfair business practices.

McMillan, a California attorney, filed his original Complaint on August 29, 2016, asserting three Causes of Action against Defendant: (1) Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962(c); (2) Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962(d); and (3) Civil Extortion. Declaration of Eduardo Bravo ("Bravo Decl."), ¶ 3.  On December 5, 2016, Plaintiffs filed their FAC, asserting the same causes of action against Defendant. Bravo Decl., ¶ 4.  Plaintiffs included nearly identical references to Defendant's unrelated Paternity Case in each complaint [Docket No. 1 at ¶¶ 39, 40, 49, and No. 25 at ¶¶ 40, 41, 50], which Plaintiffs describe as relevant simply by virtue of the fact that McMillan was counsel for a party in the Paternity Case.  [Docket No. 25 at ¶ 39].  However, the Paternity Case is wholly unrelated to the causes of action in this matter and any document referred to in the Paternity Action bears no relevance to the allegations against Defendant in this action. Rather, Plaintiffs apparently include reference to this Paternity Case to harass Defendant by publicizing his private information.

In sum, all references to the Paternity Case contain personal, private, and familial information that is entirely irrelevant to the case at bar, and serve no interest to the public.

/ / /

/ / /

4849-8411-1041.1

- 3 -

ROPERS
MAJESKI

A Professional Corporation
Los Angeles

## III.   LEGAL STANDARD

According to Civil Local Rule 79.2(c), "Documents to be filed under seal must be accompanied by an order sealing them."  Additionally, as it pertains to the instant motion, Fed. R. Civ. P. 5.2 provides that a Court may seal and/or redact information, as follows:

(d) FILINGS MADE UNDER SEAL. The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.

(e) PROTECTIVE ORDERS. For good cause, the court may by order in a case:

(1) require redaction of additional information; or

(2) limit or prohibit a nonparty's remote electronic access to a document filed with the court.

In addition, Courts have inherent supervisory power over its own records and files, even where a right of public access exists. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).  Access may be denied where the court determines that court-filed documents may be used for improper purposes. *Id*.  The compelling reason standard governs the limits on the common law right of access to judicial records. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-678 (9th Cir. 2010). A party seeking to seal most judicial records must: (1) show compelling reasons, (2) supported by specific factual findings, and (3) the factual findings outweigh the public policies favoring disclosure. *Id*.  Relevant factors include: the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets. *Id*. at 679, fn 6.

Moreover, "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395(1990); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307

A Professional Corporation
Los Angeles

ROPERS
MAJESKI

1   F.3d 1206, 1209 (9th Cir. 2002) (ruling on a motion to unseal documents which

2   was filed "[a]fter the case had been dismissed.").

3   **IV.   LEGAL ARGUMENT**

4          Paragraphs 39, 40, and 49 of the Complaint and paragraphs 40, 41, and 50 of

5   the FAC all refer to the Paternity Case involving Defendant.  Defendant has

6   compelling reasons to keep his family's private life confidential and the public has

7   little to no right to access facts concerning Defendant's relationship with his child.

8   In addition, the records of the Paternity Case are sealed per statute, further

9   diminishing any policy favoring disclosure.  Thus, this Court should seal all

10  portions of the Complaint and FAC that reference the Paternity Case.

11         **A.   Compelling Reasons Exist to Seal Portions of the Complaint and
                   FAC**

12

13         Independent of Rule 5.2, the Court may order documents and/or materials

14  filed with the Court to be sealed despite the public's common law right to inspect

15  and copy public records and documents, including judicial records, and documents.

16  A party seeking to seal judicial records under common law must show that

17  compelling reasons supported by specific factual findings outweigh the general

18  public policies favoring disclosure.  *Pintos*, 605 F.3d at 677-678.

19         The factors relevant to a determination of whether the strong presumption of

20  access is overcome include the "public interest in understanding the judicial process

21  and whether disclosure of the material could result in improper use of the material

22  for scandalous or libelous purposes or infringement upon trade secrets.  *Id*. at 679,

23  fn 6.  As especially pertinent in this case, where Plaintiff has used his pleadings to

24  exact a vendetta against Defendant, courts have specifically found that sealing

25  records is appropriate when a party uses "records to gratify private spite, promote

26  public scandal, [or] circulate libelous statements."  *Kamakana v. City & County of*

27  *Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

28  / / /

ROPERS MAJESKI

A Professional Corporation
Los Angeles

1       Here, the standard is met.  Defendant has a particularly strong interest in

2    keeping his family affairs private and confidential.  The intimate details of one's

3    family are sensitive in nature and, in many cases, the most private details in one's

4    life.  California's family laws further demonstrate the private nature of such

5    information as codified in the California Family Code.

6       California Family Code section 7643(a) provides that all papers and records,

7    other than the final judgment, pertaining to the action or proceeding, whether part

8    of the permanent record of the court or of a file in any public agency, or elsewhere,

9    are subject to inspection and copying only in exceptional cases on order of the court

10    for good cause shown.  However, all paper and records pertaining to the action or

11    proceeding that are part of the permanent record of the court are subject to

12    inspection and copying by the parties to the action and their attorneys.  Cal. Fam.

13    Code § 7643(b).  Defendant's Paternity Case was sealed and not subject to public

14    inspection due to longstanding public policy considerations concerning an

15    individual's right to privacy within his or her own family.  Plaintiffs were not

16    parties to Defendant Chaker's Paternity Case and have no right to obtain records

17    therefrom.

18       In addition to the delicately private nature of any reference to the Paternity

19    Case, the public has no need to access the detailed family records of Defendant.

20    The court in *Hardaway v. District Of Columbia Housing Authority* ("*Hardaway*"),

21    reversed the district court's denial of a motion to seal all medical records and non-

22    dispositive materials, explaining  that the "public has no need for access to

23    documents that describe [plaintiff's] disability" and that the plaintiff "possesses a

24    strong privacy interest in keeping the details of her disability confidential."  843

25    F.3d 973, 981 (D.C. Cir. 2016).  Just as in *Hardaway*, here, Defendant has a strong

26    privacy interest in keeping the details of his relationship with his child private.

27    Most importantly, just as in *Hardaway*, the public has no need to access

28    information describing Defendant's relationship with his inner-family members.

ROPERS MAJESKI

A Professional Corporation
Los Angeles

1  Access to this information serves no interest to the public.  As such, Defendant's

2  privacy concern of references to the Paternity Case seriously outweighs any general

3  public policy favoring disclosure.

4      Finally, Plaintiff has demonstrated a history of improperly referencing the

5  same information sought to be sealed here to other complaints between the parties.[1]

6  Bravo Decl. ¶ 2.  In a Tentative Ruling entered in the California Superior Court,

7  County of San Diego, Case No. 37-2017-00036344-CU-NP-CTL, in the matter

8  *Scott A. McMillan v. Darren D. Chaker, et. al*., on June 28, 2018, the court granted

9  in part Mr. Chaker's motion to seal similar portions of plaintiff's complaint.

10     Plaintiffs have never obtained leave of court to include information or

11  documents from Defendant's Paternity Case in these proceedings.  Information and

12  documents from the Paternity Case are highly irrelevant to Plaintiffs' claims and

13  included for the improper purpose of harassing Defendant.  The overriding interest

14  in the privacy rights and confidentiality of paternity records heavily outweigh the

15  right to public access.  Defendant is requesting a simple redaction, not a complete

16  sealing of the Complaint and FAC.  This can easily be accomplished by the Court

17  redacting paragraphs 39, 40, and 49 of the Complaint, and 40, 41, and 50 of the

18  FAC.  Therefore, the Court should seal these portions of the Complaint and FAC.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

---

[1] Defendant filed a Motion to Strike exhibits with reference to the Paternity Case in Plaintiff's appeal of this Court's prior ruling, which the Ninth Circuit denied.  *McMillan v. Chaker*, 791 F. App'x 666, 667 (9th Cir. 2020). However, here, Defendant is simply seeking to *seal* portions of the pleadings with reference to the Paternity Case which remain part of the public record, even after judgment in Defendant's favor.  In fact, it is telling that Plaintiff filed reference to the Paternity Case under seal at the Ninth Circuit.  *McMillan v. Chaker*, No. 17-56676, Docket No. 15 (9th Cir. April 2, 2018.)

ROPERS MAJESKI
A Professional Corporation
Los Angeles

## V.     <u>CONCLUSION.</u>

For the foregoing reasons, Defendant respectfully requests that the Court grant this motion and order that paragraphs 39, 40, and 49 of the Complaint, and paragraphs 40, 41, and 50 of the FAC previously filed be sealed for good cause shown.  In the alternative, Defendant requests that the Court enter a protective order prohibiting any nonparty's remote electronic access to paragraphs 39, 40, and 49 of the Complaint, and paragraphs 40, 41, and 50 of the FAC.

DATED:  June 25, 2020                              ROPERS MAJESKI PC


By:  */s/ Eduardo A. Bravo*
    STEPHEN J. ERIGERO
    E. LACEY  RICE
    EDUARDO A. BRAVO
    Attorneys for Defendant
    DARREN D. CHAKER

4849-8411-1041.1

- 8 -