1
2
3
4
5
6

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT A. MCMILLAN, an individual; THE MCMILLAN LAW FIRM, APC, a California professional corporation,<br><br>                                        Plaintiffs,<br><br>v.<br><br>DARREN D. CHAKER, an individual and as trustee of PLATINUM HOLDINGS GROUP TRUST dba COUNTER FORENSICS; NICOLE CHAKER, an individual and as trustee of THE NICOLE CHAKER REVOCABLE LIVING TRUST, U/A dated August 18, 2010; VANIA CHAKER, an individual and as beneficiary of The Island Revocable Trust under Declaration of Trust dated June 2, 2015; MARCUS MACK, as trustee of The Island Revocable Trust under Declaration of Trust dated June 2, 2015,<br><br>                                        Defendants. | Case No.:  3:16-cv-02186-WQH-MDD<br><br>**ORDER** |

1

HAYES, Judge:

The matter before the Court is the Motion to File Documents Under Seal filed by Defendant Darren D. Chaker.  (ECF No. 118).

## PROCEDURAL BACKGROUND

On August 29, 2016, Plaintiffs Scott A. McMillan and The McMillan Law Firm, APC initiated this action by filing a Complaint against Defendants Darren D. Chaker, an individual and as trustee of Platinum Holdings Group Trust dba Counter Forensics; Vania Chaker, an individual and as trustee of Vania Chaker Trust One; and Nicole Chaker, an individual and as trustee of Nicole Chaker Trust One.  (ECF No. 1).  Plaintiffs brought the following three causes of action: (1) violation of Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1962(c), against all Defendants; (2) violation of RICO, 18 U.S.C. § 1962(d), against all Defendants; and (3) civil extortion against Defendants Darren Chaker and Nicole Chaker.  *See id*. at 32-37.  Plaintiffs sought injunctive relief; compensatory, treble, punitive, and exemplary damages; attorneys' fees; costs; pre-judgment interest and post-judgment interest; and "other and further relief as the Court deems just and proper."  *Id*. at 38.

On August 30, 2016, Plaintiffs filed a Motion to File Documents Under Seal.  (ECF No. 5).  Plaintiffs requested to file under seal documents "which contain[] confidential personal information of third parties and other confidential documents."  *Id*. at 2.  Specifically, Plaintiffs requested to file the following five documents under seal: (1) Opposition to Application for Reissuance of Request for Order (Exhibit 2); (2) Letter from Chaker to McMillan (Exhibit 4); (3) Declaration of Petitioner (Exhibit 5); (4) Declaration of Respondent (Exhibit A); and (5) Email from Chaker to McMillan (Exhibit B).  *See id*.  On September 1, 2016, the Court issued an Order denying the Motion to File Documents Under Seal filed by Plaintiffs (ECF No. 5).  (ECF No. 8).  The Court stated that "Plaintiffs may file an amended motion to file [ ] documents under seal on or before September 12, 2016."  *Id*. at 3.

On September 7, 2016, Plaintiffs filed an Amended Motion to File Documents Under Seal.  (ECF No. 10).  Plaintiffs requested to file the same five documents under seal as previously requested in the original Motion to File Documents Under Seal (ECF No. 5) because the documents "contain confidential personal information of third parties."  *See* ECF No. 10 at 4.  On September 14, 2016, the Court issued an Order granting the Amended Motion to File Documents Under Seal filed by Plaintiffs (ECF No. 10).  (ECF No. 12).

On November 14, 2016, Defendant Darren Chaker filed a Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 14).  On November 15, 2016, Defendant Darren Chaker filed a Motion to Change Venue.  (ECF No. 15).  On the same day, Defendant Darren Chaker filed a Motion to Dismiss Plaintiffs' Complaint pursuant to California's Anti-SLAPP Statute.  (ECF No. 16).

On December 5, 2016, Plaintiffs filed an Amended Complaint against Defendants Darren Chaker, an individual and as trustee of Platinum Holdings Group Trust dba Counter Forensics; Vania Chaker, an individual and as beneficiary of The Island Revocable Trust under Declaration of Trust dated June 2, 2015; Marcus Mack, as trustee of The Island Revocable Trust under Declaration of Trust dated June 2, 2015; and Nicole Chaker, an individual and as trustee of the Nicole Chaker Revocable Living Trust, U/A dated August 18, 2010.  (ECF No. 25).  Plaintiffs brought the following three causes of action: (1) violation of RICO, 18 U.S.C. §1962(c), against Defendant Darren Chaker; (2) violation of RICO, 18 U.S.C. § 1962(d), against all Defendants; and (3) civil extortion against Defendants Darren Chaker and Nicole Chaker.  *See id*. at 33-46.  Plaintiffs sought injunctive relief; compensatory, treble, punitive, and exemplary damages; attorneys' fees; costs; pre-judgment interest and post-judgment interest; and "other and further relief as the Court deems just and proper."  *Id*. at 47.

On December 16, 2016, Defendant Nicole Chaker filed a Motion to Strike and a Motion to Dismiss Plaintiffs' third cause of action of the Amended Complaint pursuant to California Code of Civil Procedure§ 425.15(b).  (ECF No. 36).

On January 23, 2017, the Court issued an Order denying as moot the Motions to Dismiss filed by Defendant Darren Chaker (ECF Nos. 14, 16).  (ECF No. 46).

On February 17, 2017, Defendant Darren Chaker filed a Motion to Strike portions of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f).  (ECF No. 55).  On the same day, Defendant Darren Chaker filed a Motion to Dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 56).

On the same day, the Court issued an Order denying the Motion to Change Venue filed by Defendant Darren Chaker (ECF No. 15).  (ECF No. 57).

On March 3, 2017, Defendant Vania Chaker filed a Motion to Dismiss Plaintiffs' Amended Complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) or, in the alternative, to Quash Defective Service.  (ECF No. 59).  On March 28, 2017, Defendant Darren Chaker filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11.  (ECF No. 66).

On May 22, 2017, Defendant Darren Chaker filed a Motion to Seal.  (ECF No. 78).  Defendant Darren Chaker requested to seal Exhibit FF to Plaintiffs' Complaint and Amended Complaint because Exhibit FF "contains private, personal, and confidential information . . . and potentially exposes [Defendant] Darren [Chaker] to identity theft."  (ECF No. 78-1 at 5).  Defendant Darren Chaker further requested to seal Exhibit C to Plaintiffs' Response in opposition to Defendant Darren Chaker's Motion for Sanctions because Exhibit C "has personal information . . . ."  *Id*.

On August 28, 2017, the Order issued an Order stating, in relevant part,

IT IS HEREBY ORDERED that Defendant Darren Chaker's motion to dismiss the First Amended Complaint is granted.  (ECF No. 56).  The First Amended Complaint (ECF No. 25) is dismissed without prejudice as to Defendant Darren Chaker.  Accordingly, Defendant Darren Chaker's motion

to strike portions of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f) is denied as moot.  (ECF No. 55).

IT IS HEREBY ORDERED that Defendant Darren Chaker's motion for sanctions is denied.  (ECF No. 66)[.]

IT IS HEREBY ORDERED that Defendant Nicole Chaker's motion to dismiss the First Amended Complaint is granted.  (ECF No. 35).  The First Amended Complaint (ECF No. 25) is dismissed without prejudice as to Defendant Nicole Chaker.  Defendant Nicole Chaker's anti-SLAPP motion to strike and for attorneys' fees and costs is denied as moot.  (ECF No. 36).

IT IS HEREBY ORDERED that Defendant Vania Chaker's motion to quash the service of process is granted.  (ECF No. 59).  The Court quashes service upon Defendant Vania Chaker and grants Plaintiffs sixty (60) days from the date any amended complaint is filed upon which to perfect service upon Vania Chaker in accordance with the requirements of Federal Rule of Civil Procedure 4.

IT IS FURTHER ORDERED that the First Amended Complaint (ECF No. 25) is dismissed without prejudice as to Defendant Vania Chaker. Plaintiffs shall file any motion for leave to file an amended complaint pursuant to Local Rule 7.1 and within thirty (30) days of the date this Order is issued.

(ECF No. 83 at 15-16).

On October 2, 2017, the Court issued an Order stating, in relevant part,

IT IS HEREBY ORDERED that the motion [to seal] is GRANTED with respect to the request to seal and denied as to all other requests.  (ECF No. 78).  The Clerk of Court shall seal the following previously filed documents: (1) Exhibit FF to the Original Complaint (ECF No. 1-30); (2) Exhibit FF to the First Amended Complaint (ECF No. 25-29); (3) Exhibit C attached to the declaration of Plaintiff Scott McMillan in support of his opposition to Defendant's motion for sanctions (ECF No. 75-1 at 121-141); and, (4) Exhibits 1, 2, 4, 5, 6, 7, and 8 attached to Plaintiffs' response in opposition to the motion to seal (ECF Nos. 80-2, 80-3, 80-5, 80-6, 80-7, 80-8, 80-9).

(ECF No. 84 at 5).

On October 10, 2017, the Court issued an Order directing the Clerk of the Court to close the case.  (ECF No. 86).

On November 5, 2017, Plaintiffs filed a Notice of Appeal as to the Court's October 10, 2017 Order (ECF No. 86) and "the prior adverse rulings."  (ECF No. 87 at 2).

On December 12, 2017, Defendant Nicole Chaker filed a Motion for Extension of Time to File a Cross-Appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). (ECF No. 90).  On March 8, 2018, the Court issued an Order granting the Motion for Extension of Time to File a Cross-Appeal filed by Defendant Nicole Chaker (ECF No. 90).  (ECF No. 99).

On March 13, 2018, Defendant Nicole Chaker filed a Notice of Cross-Appeal as to the Court's August 28, 2017 Order (ECF No. 83) and the Court's October 10, 2017 Order (ECF No. 86).  (ECF No. 101).  On March 16, 2018, Plaintiffs filed a Notice of Cross-Appeal as to the Court's March 8, 2018 Order (ECF No. 99) and "the prior adverse rulings."  (ECF No. 102 at 2).

On February 18, 2020, the Court of Appeals affirmed this Court's rulings.  (ECF No. 117).

On June 25, 2020, Defendant Darren Chaker filed a Motion to File Documents Under Seal.  (ECF No. 118).[1]  On July 20, 2020, Plaintiffs filed a Response in opposition. (ECF No. 123).  The record reflects that no Reply has been filed.

## STANDARD OF REVIEW

"[C]ourts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).  Courts "start with a strong presumption in

---

[1] Defendant Darren Chaker requests judicial notice of the June 29, 2018 minute order entered in *Scott A. McMillan v. Darren D. Chaker, et. al.*, No. 37-2017-00036344-CU-NP-CTL (Ex. C to Bravo Decl., ECF No. 118-2 at 92-94).  *See* ECF No. 118-3.  The Court has not considered this minute order in resolving this Order.

favor of access to court records" "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Id*.

"[A] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id*. (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "That is, the party must articulate[ ] compelling reasons supported by specific factual findings, . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (first alteration in original) (citation omitted). The presumed right to access to court proceedings and documents can be overcome "only by an overriding right or interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Oregon*, 920 F.2d 1462, 1465 (9th Cir. 1990). The Court of Appeals in *Chrysler* stated, in relevant part,

> Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." . . . The court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." . . . What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." . . . Examples include when a court record might be used to "gratify private spite or promote public scandal," to circulate "libelous" statements, or "as sources of business information that might harm a litigant's competitive standing."

*Chrysler*, 809 F.3d at 1096-97 (first and third alterations in original) (citations omitted) (first quoting *Kamakana*, 447 F.3d at 1179, then quoting *Nixon*, 435 U.S. at 599).

## DISCUSSION

Defendant Darren Chaker requests to seal portions of the Complaint (ECF No. 1) and Amended Complaint (ECF No. 25) which "include reference to a California sealed paternity case . . . involving Defendant Darren [] Chaker [ ]." (ECF No. 118-1 at 2)

(emphasis omitted).  Specifically, Defendant Darren Chaker requests to seal paragraphs 39, 40, and 49 of the Complaint (ECF No. 1) and paragraphs 40, 41, and 50 of the Amended Complaint (ECF No. 25).  *See id.*  Plaintiffs contend that there is no compelling reason to seal paragraphs 39, 40, and 49 of the Complaint (ECF No. 1) and paragraphs 40, 41, and 50 of the Amended Complaint (ECF No. 25).  Plaintiffs assert that the paragraphs contain allegations against Defendant Darren Chaker regarding extortion and do not contain records from or confidential information about the paternity case.  Plaintiffs assert that the paragraphs only mention the existence of the paternity case itself and that Plaintiff was an attorney in that matter.  Plaintiffs contend that the paragraphs were not filed for an improper purpose.

In this case, Defendant Darren Chaker "bears the burden of overcoming th[e] strong presumption [in favor of access to court records] by meeting the 'compelling reasons' standard."  *Chrysler*, 809 F.3d at 1096 (quoting *Kamakana*, 447 F.3d at 1178).  The Court concludes that Defendant Darren Chaker fails to overcome the strong presumption in favor of public access with respect to the allegations of Plaintiffs' Complaint (ECF No. 1) and Amended Complaint (ECF No. 25).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to File Documents Under Seal filed by Defendant Darren D. Chaker (ECF No. 118) is DENIED.

Dated:  August 14, 2020

Hon. William Q. Hayes
United States District Court

3:16-cv-02186-WQH-MDD