STEPHEN J. ERIGERO (SBN 121616)
**ROPERS MAJESKI PC**
445 South Figueroa Street, Suite 3100
Los Angeles, California 90071
Telephone: 213.312.2000
Facsimile: 213.312.2001
Email: stephen.erigero@ropers.com

Attorneys for Defendant-Appellee
DARREN D. CHAKER

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT A. MCMILLAN, an individual; THE MCMILLAN LAW FIRM, APC, a California professional corporation, <br><br> Plaintiffs – Appellants, <br><br> v. <br><br> DARREN D. CHAKER, an individual, and as trustee of PLATINUM HOLDINGS GROUP TRUST, dba COUNTER FORENSICS; NICOLE CHAKER, an individual, and as trustee of THE NICOLE CHAKER REVOCABLE LIVING TRUST, U/A dated August 18, 2010, VANIA CHAKER, an individual and as beneficiary of The Island Revocable Trust under, <br><br> Defendants – Appellees. | Case No. 3:16-cv-2186-WQH-MDD <br><br> *Hon. William Q. Hayes Courtroom 14B* <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT-APPELLEE DARREN D. CHAKER'S MOTION TO SEAL CASE AND/OR REDACT CASE RECORDS** <br><br> [*Filed Concurrently with Notice of Motion, Declaration of Darren D. Chaker and (Proposed) Order]* <br><br> **DATE: SEPTEMBER 12, 2022** <br><br> *NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT* <br><br> Action Filed: August 29, 2016 <br> Trial Date: None |

4879-3046-5838.1

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................... 1

II. REDACTION AND USE OF A PSEUDONYM UNDER CODE OF CIVIL PROCEDURE SECTION 367.3. ........................................................ 3

   A. Overview of Safe At Home Program ................................................ 3

   B. The Application of Section 367.3 is Justified in Both the Statute's Plain Text and The Legislature's Stated Purpose. ................ 4

   C. Sealing or Redaction Does Not Offend the First Amendment. ........... 6

III. TAKING JUDICIAL NOTICE OF RECENT COURT ORDERS WOULD AIDE THIS HONORABLE COURT SINCE THE ORDERS RELATE TO THE SPECIFIC ISSUE BEFORE THIS HONORABLE COURT ............................................................................................................ 7

IV. THE RECORD SHOULD BE SEALED SINCE IT CONTAINS NUMEROUS REFERENCES TO PROTECTED INFORMATION CALIFORNIA LAW FORBIDS DISCLOSURE OF ................................... 7

   A. Criteria to Grant the Instant Motion. .................................................. 7

   B. The Court May Seal the Entire Record Where the Important Privacy Rights and the Safety of the Moving Party is Endangered ........................................................................................ 8

   C. The Governmental Interest in Sealing Records is Justified Where the Right to Inspect Court Records is Trumped by the Individuals Right to be Free from Harm ........................................... 10

   D. The Right to Informational Privacy in an Information Age Requires Public Records is Sealed Especially Since So Much Data is Mined from Public Records ..................................................... 12

V. THE COURT SHOULD EMBRACE CALIFORNIA LAW TO DECIDE THIS MOTION SINCE FEDERAL LAW IS SILENT ON THIS EXACT ISSUE ..................................................................................... 14

VI. CONCLUSION ............................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aevoe Corp. v. AE Tech. Co.*,
   No. 2:12-CV-00053-GMN, 2014 WL 551563 (D. Nev. Feb. 7, 2014) ................................................................................................................ 10

*Board of Regents, etc v. Tomanio*,
   446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980) ........................................ 14

*Folb v. Motion Picture Industry Pension & Health Plans*,
   16 F. Supp.2d 1164 and 1178-1179 (N.D. Cal. 1998) ........................................... 4

*Maryland v. Louisiana*,
   451 U.S. 725, 101 S.Ct. 2114, 68 L.Ed.2d 576 (1981) ........................................ 14

*Nixon v. Adm'r of Gen. Servs.*,
   433 U.S. 425, 97 S. Ct. 2777, 53 L. Ed. 2d 867 (1977) ................................ 10, 12

*Planned Parenthood of S. Arizona v. Lawall*,
   307 F.3d 783 (9th Cir. 2002) ................................................................................. 9

*Press-Enterprise Co. v. Superior Court* (1986)
   478 U.S. 1 ................................................................................................................ 6

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
   442 F.3d 741 (9th Cir. 2006) ................................................................................. 7

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,
   971 F.2d 244 ........................................................................................................... 7

*United States v. Doe*,
   655 F.2d 920 (9th Cir. 1981) ................................................................................. 9

**California Cases**

*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999)
   20 Cal.4th 1178 ....................................................................................................... 6

Case 3:16-cv-02186-WQH-MDD   Document 125-1   Filed 08/10/22   PageID.4188   Page 4 of 20

**Federal Statutes**

Code Civ. Proc. § 367.3(b)(4) ................................................................................... 2

Code of Civil Proc. § 1277 ........................................................................................ 1

**California Statutes**

California Code of Civ. Proc. § 367.3 ................................. 1, 2, 3, 4, 5, 6, 7, 8, 12,

California Code Civ. Proc. § 367.3(a) ................................................................... 6, 8

California Code of Civ. Proc. § 367.3(a)(1) ................................................. 2, 4, 9, 15

California Code of Civ. Proc. § 367.3(a)(2) ................................................. 2, 4, 9, 15

California Code of Civ. Proc. § 367.3(a)(3) ............................................................... 3

California Code of Civ. Proc. § 367.3(b)(1) ............................................................ 6, 8

California Code of Civ. Proc. § 367.3(b)(1) ............................................................... 4

California Code of Civ. Proc. § 367.3(b)(2) ............................................................... 4

California Code of Civ. Proc. § 367.3(b)(4) ............................................................... 2

Cal. Code Regs., Title 2 § 22100.7 ............................................................................ 3

**Other State Statutes**

Election Code § 2166.5 .............................................................................................. 1

Government Code § 6205 ................................................................................. 1, 3, 7

Government Code § 6205.5 ....................................................................................... 3

Government Code § 6206 .......................................................................................... 3

Government Code § 6206(a)(1) .................................................................................. 3

Government Code § 6206(a)(2) .................................................................................. 3

Government Code § 6206(c) ...................................................................................... 3

Government Code § 6206.4 ....................................................................................... 3

4879-3046-5838.1

- iii -

NOTICE OF MOTION AND MOTION TO SEAL CASE AND/OR REDACT CASE RECORDS

Government Code § 6207 .................................................................................................... 3

Government Code § 6207(a)(1) .......................................................................................... 3

Government Code § 6208.1(b)(1) ....................................................................................... 3

Government Code § 6209.5 ................................................................................................. 3

Government Code § 6209.5(a) ............................................................................................ 2

Government Code § 6215.5 ................................................................................................. 1

Government Code Title 1 Division 7 ................................................................................. 7

4879-3046-5838.1

- iv -

NOTICE OF MOTION AND MOTION TO SEAL CASE
AND/OR REDACT CASE RECORDS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant-Appellee seeks to replace his name with John Doe and redact all personal information in the record as defined by California Code of Civ. Proc., § 367.3, or in the alternative, as several courts have done – seal the entire record.

As a result of escaping two near death experiences, Defendant-Appellee entered the Safe at Home Program. Government Code § 6205, defines the program: "The Legislature finds that persons attempting to escape from actual or threatened domestic violence, sexual assault, stalking, human trafficking, or elder or dependent adult abuse frequently establish new names or addresses in order to prevent their assailants or probable assailants from finding them." California law has taken a number of preventative measures to protect information about a participant in the Safe at Home program, including:

- **Confidential Mail Forwarding (per Government Codes §6207):** A designated Safe at Home mailing address, as well as other services that provide additional security are offered to participants to use at their discretion and as part of an overall safety plan;
- **Confidential Voter Registration:** Participants' voter registration information is kept confidential from campaigns, pollsters and the media. (per Election Code §2166.5);
- **Confidential Mail Forwarding** (per Government Codes §6207): A designated Safe at Home mailing address, as well as other services that provide additional security are offered to participants to use at their discretion and as part of an overall safety plan;
- **Public Records to Display Safe at Home Address:** Pursuant to Government Code, sections, 6207 and 6215.5 a program participant may request California state, county, city agencies and the courts to use his or her designated Safe at Home mailing address;
- **Sealed Name Change:** A participant may have a sealed name change. (Government Code §6206.4, Code of Civil Procedure §1277);

- **Data-Brokers Must Cease Offering Data About Participants:** California businesses can play an important role in preventing the exchange and sale of confidential address information. According to Section 6208.1(b)(1) of the Government Code, a Safe at Home participant may make a written demand of a person, business, or association to remove any display of their home address or telephone number from the internet. Any entity receiving such a notice is forbidden from publicly posting person information about the participant and faces criminal charges[1] for failing to do so;
- **Banks:** A ruling (FIN-2009-R003) by the United States Department of Treasury Financial Crimes Enforcement Network or FinCEN, issued on November 3, 2009, allows financial institutions to use an address designated by the Safe at Home Program instead of the confidential residential address of the participant;
- **Real Estate Transactions:** The California legislature, in Government Code Section 6209.5(a), authorizes Safe at Home participants to request that their residential address be replaced on real property deeds, change of ownership forms and deeds of trust with their Safe at Home designated mailing address.  The legislature requires California government agencies to comply with the participant's request per Government Code § 6207(a)(1) unless certain governmental circumstances apply; and
- **Civil Record Sealing:** In 2020 California enacted Code of Civil Procedure §367.3 which expressly authorizes a protected person to file a motion to seal all or part of a record already in the public file (see Code Civ. Proc., § 367.3(b)(4)).

As the following argument and exhibits demonstrate, Defendant-Appellee is a crime victim who has received several threats on his life, resulting in his participation in the Safe at Home program. Defendant-Appellee now makes this Motion to this honorable court to reopen this case for the limited purpose sealing and/or redaction of the record consistent with CA Code of Civ. Proc., § 367.3 subds. (a)(1)-(2).

---

[1] *See* Sections 6206.5, 6206.7, 6208, 6215.3, 6215.4 and 6215.7 of, and added Sections 6208.1, 6208.2, and 6218.1 to, the Government Code.

4879-3046-5838.1

- 2 -

NOTICE OF MOTION AND MOTION TO SEAL CASE
AND/OR REDACT CASE RECORDS

## II. REDACTION AND USE OF A PSEUDONYM UNDER CODE OF CIVIL PROCEDURE SECTION 367.3.

### A. Overview of Safe At Home Program

Overseen by the Secretary of State, California's Safe at Home program provides vital protections that ensure the confidentiality of qualified individuals who would otherwise live under threat of harm.

***Proof of eligibility.*** To obtain the protections of the statutory scheme, a crime victim must complete an application in person at a designated community-based victims' assistance program. (Govt. Code, §§ 6205.5, 6206; Cal. Code Regs., tit. 2, § 22100.7.) The applicant must provide a "sworn statement" that (1) the applicant or a member of the applicant's household is a "victim of domestic violence, sexual assault, stalking, human trafficking, or elder or dependent adult abuse" and (2) the applicant "has good reason" to "fear for his or her safety, the safety or his or her children or household members." (Govt. Code, § 6206, subd. (a)(1).) The statutory scheme also provides for the type of evidence that should be submitted along with the application. (Govt. Code, § 6206, subd. (a)(2).)

***Government Code protections.*** In 1998, the Legislature first created the Safe at Home program by enacting Government Code sections 6205 et seq. Under that series of statutes, Safe at Home participants are entitled to receive a substitute mailing address and their name and home address are protected in public records. (Govt. Code, §§ 6206-6209.5.)

***Code of Civil Procedure protections.*** In 2019, the Legislature expanded the protections of the Safe at Home program by enacting Code of Civil Procedure, section 367.3. That statute requires the use of the pseudonym John Doe or Jane Doe in place of the name of protected individuals—those who are certified by the Secretary of State as active Safe at Home participants—on all pleadings and other documents in civil proceedings. (CA Code of Civ. Proc., § 367.3, subds. (a)(3), (b)(1).) Under these circumstances, the parties "shall exclude or redact any identifying characteristics of the protected person" from all discovery and other

- 3 -

documents.  (CA Code of Civ. Proc., § 367.3, subd. (b)(1)-(2).)  The "identifying characteristics" that must be excluded or redacted include the protected person's "***name or any part thereof, address or any part thereof, city or unincorporated area of residence***, **age, marital status, relationship to other parties, and race or ethnic background,** *telephone number*, *email address*, **social media profiles,** *online identifiers*, **contact information,** *or any other information, including images of the protected person, from which the protected person's identity can be discerned*," including "aliases," "online identities, pseudonyms, screen names," and the like.  (CA Code of Civ. Proc., § 367.3, subds. (a)(1)-(2).) (emphasis added).

As the legislative history underscores, CA Code of Civ. Proc. §367.3 is necessary to allow protected, at-risk Californians to vindicate their rights—by prosecuting and defending civil cases—without exposing themselves to needless risk of violence or harassment. Being an active participant in the Safe at Home program is the **sole** criteria to redact or seal records, which evinces the Legislature's concern regarding Defendant-Appellee's safety should constitute "an overriding interest that overcomes the right of public access to the records at issue"; that his interests will be prejudiced unless Defendant-Appellee's name is pseudonymized and his identifying information redacted; that this very limited form of sealing is "narrowly tailored"; and that no "less restrictive means to achieve the overriding interest" exists.  (*Ibid.*)

### B. The Application of Section 367.3 is Justified in Both the Statute's Plain Text and The Legislature's Stated Purpose.

Federal courts may look at state statutes and legislative record for guidance. *Folb v. Motion Picture Industry Pension & Health Plans*, 16 F. Supp.2d 1164, 1170, fn.6 and 1178-1179 (N.D. Cal. 1998) [federal courts should look at state legislature and judicial decisions adopting a privilege as an important indicator of both reason and experience]. State rules of privilege provide persuasive weight. Fed. R. Evid. 501; *Lewis v. United States*, (517 F. 2d 236 (9th Cir. 1975).   Given

- 4 -

this fact, Defendant-Appellee humbly requests the Court consider the legislative record related to CA Code Civ. Proc., §367.3.

CA Code of Civ. Proc. §367.3 defines that as "identifying characteristics" that must be redacted as including the protected person's "address *or any part thereof*," "*city or unincorporated area of residence*," and other "contact information," emphasis added].)  Allowing the caption to remain the same allows a third party to view where a lawsuit was filed, and thus by inference a part of Defendant–Appellee's locale of residence. Furthermore, the Legislature was acutely aware that even if no court document actually identifies the protected person's address, disclosing the person's identity will, by definition, expose the protected person's location and thus subject the protected person to a substantial risk of harm and harassment.  As the legislative history for CA Code of Civ. Proc. §367.3 states, "once **'the participant's name appears on a court index and the Internet, their physical locale is known. Court records are a common tracking source for abusers.'**"  (Sen. Com. On Judiciary, Analysis of Assem. Bill No. 800 (2019-2020 Reg. Sess.) July 23, 2019 p. 5.)[2]  Those who would do harm to or harass the protected person need only show up at a hearing or at trial to locate the protected person and then trail them back home, which is specifically contrary to the goals of the Safe at Home legislation. Code of Civil Procedure section 367.3 was enacted, in part, to allow a protected person to vindicate themselves in court without fear of disclosing their identity and thereby "expos[ing]" themselves to "needless risk of violence or harm."  (Sen Floor Analysis of Assem. Bill No. 800 (2019-2020 Reg. Sess.) Aug. 14, 2019 pp. 1, 4-6; Assem. Floor Analysis of Assem. Bill No. 800 (2019-2020 Reg. Sess.) Aug. 29, 2019 pp. 1-2.)  To that end, section 367.3 broadly protects not just a participant's current legal name, but "**any**" information "**from which the protected person's identity can be discerned**," including account

---

[2] All legislative history documents cited throughout this brief are available at https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201920200AB800.

- 5 -

names, usernames, handles, pseudonyms, aliases, and photographs. (CA Code Civ. Proc., § 367.3, subd. (a).) (emphasis added). Without that broader scope, the legislative intent behind CA Code of Civ. Proc. §367.3 would be thwarted.

### C. Sealing or Redaction Does Not Offend the First Amendment.

Although it is true that the public generally has a First Amendment right to access court documents, both the United States Supreme Court and California Supreme Court have "stress[ed]" that that "First Amendment right is not absolute" and can be overcome by an "overriding interest" as long as the sealing is narrowly tailored. (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1206-1207, discussing *Press-Enterprise Co. v. Superior Court* (1986) 478 U.S. 1, 9, 13-14 [recognizing limits on "qualified First Amendment right" of access].) the Legislature expressly conducted the key First Amendment analysis before enacting the statute. (Assem. Com. On Judiciary, Analysis of Assem. Bill No. 800 (2019-2020 Reg. Sess.) Mar. 26, 2019 p. 5.) The Legislature found that: (1) Section 367.3 applies only "to a narrow class of persons that the *state has already deemed highly vulnerable* to a *high risk of violence*" through the Safe at Home program; and (2) that in enacting section 367.3, they were "[p]roviding all Californians with a venue to vindicate their rights while protecting victims of egregious crimes from additional harm is a *compelling interest for the state*." (Assem. Com. On Judiciary, Analysis of Assem. Bill No. 800 (2019-2020 Reg. Sess.) Mar. 26, 2019 p. 5, italics added.) Without the protections of section 367.3, Safe at Home "participants are faced with a choice between using their rights in court and protecting themselves." (*Id.* at p. 3.)

Defendant-Appellee has been found by the State of California to qualify for the protections offer by the Safe at Home statute. *Declaration of Darren D. Chaker;* Exhibits U & V. Thus, the use of the pseudonym and requirement that a public version of filings redact Defendant-Appellee's identifying information is explicitly stated by the Legislature to be narrowly crafted to ensure that all parties

to the case have the necessary information to make their arguments and to ensure public access to everything about the case except for the identifying information that must be redacted to protect the safety of Safe at Home participants, which is a compelling state interest overriding First Amendment public access to records.

### III. TAKING JUDICIAL NOTICE OF RECENT COURT ORDERS WOULD AIDE THIS HONORABLE COURT SINCE THE ORDERS RELATE TO THE SPECIFIC ISSUE BEFORE THIS HONORABLE COURT.

This Court may take into account a different court's rulings a persuasive evidence in favor of a party's position. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (examining pleadings, memoranda, expert reports, and other documents from proceedings in another court); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248.

Defendant-Appellee requests the Court consider court orders relevant to the Motion before the court, previously obtained by Defendant-Appellee, where each request to redact or seal its respective cases were granted. See Exhibits A-S hereto.

While, many of the above cases referenced in Exhibits A-S, for which sealing relief was granted were over twenty-years old, but the Legislature did not put a time frame on records which could be subject to sealing or redaction.

### IV. THE RECORD SHOULD BE SEALED SINCE IT CONTAINS NUMEROUS REFERENCES TO PROTECTED INFORMATION CALIFORNIA LAW FORBIDS DISCLOSURE OF.

#### A. Criteria to Grant the Instant Motion.

The Defendant-Appellee's status as an active participant[3] in the Safe at Home program under Code of Civil Procedure section 367.3, itself, constitutes the "specific facts" supporting the motion necessary to retroactively seal documents. Under California law the typical balancing test is not required to seal or redact

---

[3] "Protected person" means a person who is an active participant in the address confidentiality program created pursuant to Chapter 3.1 (commencing with Section 6205) of Division 7 of Title 1 of the Government Code.

records since the only question is if the person bringing the motion a participant in the Safe at Home Program. On September 25, 2020, the Report to the Judicial Council, Item No.: 20-167 was issued and concluded that the applicant's status as an active participant in the Safe at Home program under Code of Civil Procedure section 367.3, itself, constitutes the "specific facts" supporting the motion necessary to retroactively seal documents.

As indicated in attached Exhibits A-S, several courts have granted substituting John Doe for Defendant-Appellee's name, redaction and/or sealing of civil cases. Even prior to CA Code of Civ. Proc. §367.3 being enacted, a Texas court recognized in a child custody matter that the threat to Defendant-Appellee's safety and directed records were sealed and distribution of the record was restricted since disclosure of such "will result in irreparable injury to the Petitioner [Mr. Chaker]."[4]  These orders are sound since Defendant-Appellee is an active member of Safe at Home[5], has been repeatedly stalked, who has taken numerous precautions to safeguard his privacy such as suppressing his records in the California DMV database[6] and removing himself from data brokers.

**B.    The Court May Seal the Entire Record Where the Important Privacy Rights and the Safety of the Moving Party is Endangered.**

California law allows a court "to proceed in that action using a pseudonym and to exclude or redact other identifying characteristics of the person from all pleadings and documents filed in the action. (CCP § 367.3(a), (b)(1).)[7]" The Ninth Circuit itself has permitted parties to proceed by pseudonym where it "is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment….[and] when the party's need for anonymity outweighs prejudice

---

[4] Exhibit S.
[5] Exhibits U & V.
[6] Exhibit W
[7] See XXV. [§ 4.167] PROTECTING IDENTITY OF PLAINTIFF WHO IS PARTICIPANT IN ADDRESS CONFIDENTIALITY PROGRAM:, Cal. Judges Benchbook Civ. Proc. Discovery § 4.167.

- 8 -

to the opposing party and the public's interest in knowing the party's identity." *United States v. Doe*, 655 F.2d 920, 922 at n. 1 (9th Cir. 1981). As established above, Defendant-Appellee's involvement in the Safe at Home program meets the entirety of these criteria.

Furthermore, the Ninth Circuit found constitutional privacy rights or "zones" exist in *Planned Parenthood of S. Arizona v. Lawall*, 307 F.3d 783 (9th Cir. 2002):

> "Privacy interest in avoiding disclosure of sensitive personal information, or **right to informational privacy**, applies both when individual chooses not to disclose highly sensitive information to government and when an individual seeks assurance that such information will not be made public."(emphasis added)

The State of California vested Defendant-Appellee with a zone of privacy by through CCP §367.3(a)(1) & (2). It is a zone which serves the purpose of keeping victims unharmed by restricting almost two dozen categories of information as protected information which are subject to redaction in court records.

Additionally, in *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1068 (9th Cir. 2000), the court found court records may be restricted (1) when identification creates a risk of <u>*retaliatory physical or mental harm*</u>; (2) when <u>*anonymity is necessary to preserve privacy*</u> in a matter sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution.

Here, the first two criteria of *Does I thru XXIII* are met where first, "retaliatory physical or mental harm" may materialize since death threats to Defendant-Appellee may be carried out and the exhibits demonstrate recent threats have been made. Second, "privacy in a matter sensitive and highly personal nature" would be present since California law has found the classes of protected information sought to be sealed invoke a right to privacy. *See* definitions of protected information Cal. Civ. Proc. Code § 367.3 (a) (1) & (2). As District Court Judge Marilyn L. Huff points out in Exhibit F:

> "The Ninth Circuit allows parties to proceed anonymously when the party's "need for anonymity" to avoid physical injury outweighs the "prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). **That is the case here**." (emphasis added)

In this case, when a person goes to jail the threat does not cease. Safe at Home allows the participant to renew his or her status. (Government Code § 6206(c)). Similarly, participants in WITSEC are participants for life for the reason the threat does not cease. The threat is real and lives on where Defendant-Appellee has been recently threatened and only a few years ago was accosted by a man in dark trench coat who attempted to gain access into Defendant-Appellee's residence at night[8]. It is especially concerning with today's private industry creating a 'database nation' where court records are mined, scanned, filtered, attached to a particular person, and then data sold to information brokers.

The Ninth Circuit has indicated that "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.[9]"" There can be no more of an "improper" use of court records justifying sealing records than where a person's life is endangered by their not being sealed.

### C. The Governmental Interest in Sealing Records is Justified Where the Right to Inspect Court Records is Trumped by the Individuals Right to be Free from Harm.

The threat is real: court records offer an abundance of intelligence to data-

---

[8] See Exhibit RR attached hereto is where a man in a ski-mask and black trench coat had attempted entry into Defendant-Appellee's home in 2017 and where Defendant-Appellee was interviewed by the news. Needless to say, most burglaries occur during the daytime hours and burglars do not wear trench coats or ski-masks a mile from the beach in San Diego. Defendant-Appellee believes this person attempted to gain entry to harm himself or his family.

[9] See, e.g., *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-CV-00053-GMN, 2014 WL 551563, at *1 (D. Nev. Feb. 7, 2014), citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) and Nixon, 435 U.S. at 598, 98 S.Ct. 1306, 55 L.Ed.2d 570.

brokers whose business it is, is to sell information about people. Money has no conscience when it comes to a stalker with a pre-paid card to cover his tracks desiring to locate a person.

The governmental interests in keeping crime victims who are targeted for death or severe bodily harm is clear. California passed and has repeatedly expanded the laws governing the Safe at Home program to keep its citizens alive. As succinctly stated in the intent of the law, 2019 CA A.B. 800 (NS):

> "Unfortunately, when participants use the court system, court filings and associated documents (including names, addresses, telephone numbers, etc.), are public records. As a result, survivors of domestic violence, sexual assault, stalking and other Californians intended to be protected by Safe At Home are faced with a choice: they can exercise their rights to use the court system, where they can be found by **predators who need only go to the court records, often available online, to track them down**, or they can forego their rights guaranteed under law." (emphasis added)

The enactment of the Safe at Home program and the decision to admit Defendant-Appellee to it, shows that the State of California understands the significance of blocking every potential identifier with respect to individuals similarly situated to Defendant-Appellee. If the entirety of this case is not sealed, and Defendant-Appellee's name remains in the caption or elsewhere, he risks disclosure of his statutorily protected information and is exposed to harm. To wit, it would not take many steps to locate the location of Defendant-Appellee by reviewing material within the file the State of California has deemed to be protected information. Allowing such information to remain a public record could only lead to Defendant-Appellee being harmed physically or emotionally.

///

### D. The Right to Informational Privacy in an Information Age Requires Public Records is Sealed Especially Since So Much Data is Mined from Public Records.

By California giving such a broad definition of what is deemed protected information gives Plaintiff a right to privacy in that information or "personal matters"[10] warranting sealing. Making information public in a court filing is one thing; sharing government agency documents through a public records act request that, as in this case, will in turn be published on the Internet, is another. "We live in a time that has commonly been referred to as The Information Age. Technological advances have made ... it possible to generate and collect vast amounts of personal, identifying information.... The advent of the Internet and its proliferation of users has dramatically increased, almost beyond comprehension, our ability to collect, analyze, exchange, and transmit data, *12 including personal information." See also, *State ex rel. McCleary*, 725 N.E.2d at 1149.7 "Posting on the Internet is kind of like a bell you can't unring.[11]"

The state interest in protecting crime victims by limiting information which may assist in locating the victim is similarly etched into the state constitution. Under Marsy's Law, the addition of Victim's Rights was included in the California Constitution article I, § 28, section (b)(4) and states:

> **To prevent the disclosure of confidential information** or records to the defendant, the defendant's attorney, or any other person acting on behalf of the defendant, **which could be used to locate or harass the victim or the victim's family** or which disclose confidential communications made in the course of medical or counseling treatment, or which are otherwise privileged or confidential by law. (emphasis added).

Code of Civil Procedure § 367.3 was passed and protected information was so broadly defined with numerous references to statutes intended to thwart

---

[10] *See Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 457, 97 S. Ct. 2777, 53 L. Ed. 2d 867 (1977) ("One element of privacy has been characterized as 'the individual interest in avoiding disclosure of personal matters . . . .'").

[11] Jess Bidgood, After Arrests, Quandary for Police on Posting Booking Photos, N.Y. Times (June 26, 2015), https://www.nytimes.com/2015/06/27/us/after-arrests-quandary-for-police-on-posting-booking-photos.html (quoting a police chief about posting mug shots on Facebook).

- 12 -

technological methods of tracking people[12].

This very industry has forced Defendant-Appellee to subscribe to a privacy company whose focus is removing people from databases. A screenshot of the Dashboard of OneRep.com which Plaintiff subscribes to indicates as of December 9, 2021, Plaintiff has been removed from over 973 sites in the last year alone, 506 potential sites selling information exist, and 21 removals are in progress:



Data-brokers simply regurgitate public records information, such as the Court records for this case, and feed it back into websites to sell to anyone with a credit card or often for free.

Essentially, prior to the invention of the internet and the creation of the private data-broker industry, the primary--if not singular--way of obtaining information about an individual's criminal record for the purpose of finding background information was by obtaining information directly from a state agency. Now, however, we live in a different era. Consumer reports that contain public records that are now widely available through the use of third-party private background check companies and oftentimes directly over the internet. Logan Danielle Wayne, The Data-Broker Threat:102 J. Crim. L. & Criminology 253, 262 (2012).

/ / /

/ / /

/ / /

---

[12] *See generally*, § 367.3(a), "gamer tags, display names, handles, login names, member names, online identities, pseudonyms, screen names, user accounts, user identifications, usernames, Uniform Resource Locators (URLs), domain names, Internet Protocol (IP) addresses, and media access control (MAC) addresses."

As such, it is even more important for this Court to consider the far-reaching consequences of permitting the information Defendant-Appellee seeks to seal to remain on the public record and accessible to these companies.

## V. THE COURT SHOULD EMBRACE CALIFORNIA LAW TO DECIDE THIS MOTION SINCE FEDERAL LAW IS SILENT ON THIS EXACT ISSUE.

The recognition of important state interests which do not conflict with federal law is a bedrock principle of our federal system. "Consideration under the Supremacy Clause starts with the basic assumption that Congress did not intend to displace state laws." *Maryland v. Louisiana*, 451 U.S. 725, 746, 101 S.Ct. 2114, 2128, 68 L.Ed.2d 576 (1981) (preemption case).

It has been the policy of the Court, "when state privilege law is consistent, or at least compatible, with federal privilege law," to read the two together "in order to accommodate the legitimate expectations of the state's citizens." *Id*. at 688.

Federal courts frequently look to state law for guidance, where an issue of law is ambiguous at the federal level. Indeed, the U.S. Supreme Court has recognized:

> "In 42 U.S.C. § 1988, Congress 'quite clearly instructs [federal courts] to refer to state statutes' when federal law provides no rule of decision for actions brought under §1983 .... [B]y its terms, §1988 authorizes federal courts to disregard an otherwise applicable state rule of law only if the state law is 'inconsistent with the Constitution and laws of the United States.'" (emphasis added). *Board of Regents, etc v. Tomanio*, 446 U.S. 478, 484-85, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980) (citations omitted).

In this instance, federal law does not have a statute similar to the California Safe at Home program aimed at keeping victims safe. The statute serves a single objective: keeping the victim alive and unharmed by closing avenues to learn more about the participant. Since federal law is silent on the criteria to justify sealing, Defendant-Appellee requests the Court to look to California law reference repeatedly herein when deciding this Motion.

Defendant-Appellee requests this Court grant this Motion, and pursuant to California's Safe at Home Act, restrict the public record by removing Defendant-

Appellee's name from the caption and replace such with John Doe, and by redacting all personal information contained within the record.

## VI. CONCLUSION

It is for the foregoing reasons Defendant-Appellee humbly requests this honorable Court to grant this motion by sealing the entire case. Alternatively, if the Court declines to seal the entire case, Defendant-Appellee requests the Court to replace his name in the caption as John Doe and direct the Clerk of the Court to redact all statutorily protected information as defined by Code of Civil Procedure § 367.3(a) (1) & (2).

Dated: August 10, 2022

ROPERS MAJESKI PC

By: _____
STEPHEN J. ERIGERO
Attorneys for Defendant/Appellee
Darren D. Chaker