UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT A. MCMILLAN, an individual; THE MCMILLAN LAW FIRM, APC, a California professional corporation,<br><br>                          Plaintiffs,<br><br>v.<br><br>DARREN D. CHAKER, an individual, and as trustee of PLATINUM HOLDINGS GROUP TRUST, dba COUNTER FORENSICS; NICOLE CHAKER, an individual and as trustee of THE NICOLE CHAKER REVOCABLE LIVING TRUST, U/A dated August 18, 2010; VANIA CHAKER, an individual and as beneficiary of The Island Revocable Trust under Declaration of Trust dated June 2, 2015; MARCUS MACK as trustee of The Island Revocable Trust under Declaration of Trust dated June 2, 2015,<br><br>                          Defendants. | Case No.: 16-cv-02186-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Seal filed by Defendant Darren D. Chaker (hereinafter "Defendant"). (ECF No. 125.) In his motion, Defendant requests that the Court "seal the entire record" or, alternatively, "replace [Defendant's] name with John Doe and redact all personal information in the record." (ECF No. 125-1 at 6.) Defendant contends that sealing is appropriate because he is "a crime victim who has received several threats on his life, resulting in his participation in the [California] Safe at Home program." *Id.* at 7.[1]

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Following the Supreme Court's lead, 'we start with a strong presumption in favor of access to court records.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "A party seeking to seal a judicial record [ ] bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135). "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1096-97 (quoting *Kamakana*, 447 F.3d at 1179) (alteration in original). "The court must then 'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id.* at 1097 (quoting *Kamakana*, 447 F.3d at

---

[1] Defendant requests that the Court take judicial notice of several court orders "relevant to the motion before the Court." *Id.* at 12. Defendant's request is denied because the Court can consider the orders as precedent without taking judicial notice of them. *See Phillips v. Nat. City Bank of Ind. First Franklin Div.*, 462 Fed. Appx. 666, 666 n.1 (9th Cir. 2011) ("Judicial notice customarily entails matter of fact. Judicial notice is not required for the court to consider the cited opinions as matters of law and potentially persuasive precedents.")

1179) (alteration in original). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon*, 435 U.S. at 599).

Defendant's sealing request is based on his contention that allowing his personal information to remain in a public record could "lead to [Defendant] being harmed physically or emotionally." (ECF No. 125-1 at 16.) In support of this contention, Defendant states that he witnessed a violent crime and subsequently received threats to his personal safety. Defendant states that an unknown person subsequently attempted to enter his home. Defendant states that as a result, he is a current member of the California Safe at Home program.

The purpose of the California Safe at Home program is to offer participants a way to prevent potential assailants or abusers from locating them through public records. *See* Cal. Gov. Code § 6205. To qualify for the Safe at Home Program, a prospective participant must demonstrate that they have good reason to fear for their safety. *See id.* § 6206. Participants in the Safe at Home program can obtain a designated mailing address for use in public records, and confidential mail forwarding. *See id.* § 6207. Participants may also use a pseudonym and seek the redaction of personal identifying information in civil proceedings in California state courts. *See* Cal. Civ. Proc. Code. § 367.3.[2]

The compelling reasons standard applies to a request to seal an entire judicial record. *See Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014). A threat to a litigant's personal safety may justify a sealing request. *See United States v. Doe*, 870 F.3d 991, 998-1001 (9th Cir. 2017). However, in this case, the threat to Defendant's safety is not related to this action and can be effectively mitigated through more narrowly tailored redactions. *Cf. id.* (granting a request to seal records in a criminal case involving a cooperating defendant instead of applying redactions to sensitive information because the very presence

---

[2] While California's Code of Civil Procedure does not govern this action, the Court considers Defendant's participation in the Safe at Home program and the protections afforded to him under state law in determining whether compelling reasons exist that justify the sealing of records in this action.

3

16-cv-02186-WQH-MDD

of redactions would signal the defendant's cooperation, putting him at risk of retaliation). Defendant's request to seal the entire record is denied.

Defendant contends, in the alternative, that the replacement of his name with a pseudonym is appropriate because "disclosing [Defendant's] identity will, by definition, expose [his] location and thus subject [him] to a substantial risk of harm and harassment." (ECF No. 125-1 at 10.) Defendant contends that the case's caption "allows a third party to view where a lawsuit was filed, and thus by inference a part of [Defendant's] locale of residence," and that "[t]hose who would do harm to or harass [Defendant] need only show up at a hearing or at trial to locate [him] and then trail [him] back home." *Id.*

"[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). While allowing a party to proceed anonymously may be appropriate when a party demonstrates that it faces a threat of retaliation, the threat faced by Defendant in this case is not related to his participation in this action. *Cf. id.* (permitting the use of pseudonyms in employment action where the plaintiffs feared that if their identities were disclosed they would be fired, deported, and imprisoned by a foreign government for bringing the lawsuit). Further, the concern that the publication of a Safe at Home participant's name could allow a third party to locate that participant is not implicated in this case because this action has been fully adjudicated and was closed almost five years ago. Defendant has failed to demonstrate that the presence of Defendant's name in this action creates a risk of retaliatory harm. Defendant's request that his name be replaced with a pseudonym is denied.

Defendant requests that the Court redact other personal information in the record. The Court is unable to assess the propriety of this request because Defendant does not identify the specific information he seeks to redact or its location in the record.

IT IS HEREBY ORDERED that Defendant Darren D. Chaker's requests to seal the entire record and/or replace his name in the record with a pseudonym are denied.

1       IT IS FURTHER ORDERED that Defendant Darren D. Chaker may file a sur-reply
2 identifying with specificity any personal information he seeks to seal and its location in the
3 record within fourteen (14) days of the date of this Order.

5 Dated: September 9, 2022

                                             */s/ William Q. Hayes*
6                                            Hon. William Q. Hayes
7                                            United States District Court