# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT A. MCMILLAN, an individual; THE MCMILLAN LAW FIRM, APC, a California professional corporation, <br><br>                               Plaintiffs, <br><br> v. <br><br> DARREN D. CHAKER, an individual, and as trustee of PLATINUM HOLDINGS GROUP TRUST, dba COUNTER FORENSICS; NICOLE CHAKER, an individual and as trustee of THE NICOLE CHAKER REVOCABLE LIVING TRUST, U/A dated August 18, 2010; VANIA CHAKER, an individual and as beneficiary of The Island Revocable Trust under Declaration of Trust dated June 2, 2015; MARCUS MACK as trustee of The Island Revocable Trust under Declaration of Trust dated June 2, 2015, <br><br>                               Defendants. | Case No.: 16-cv-02186-WQH-MDD <br><br> **ORDER** |

HAYES, Judge:

On August 10, 2022, Defendant Darren D. Chaker (hereinafter "Defendant") filed a Motion to Seal, requesting that the Court "seal the entire record" or, alternatively, "replace [Defendant's] name with John Doe and redact all personal information in the record," on the basis that he is "a crime victim who has received several threats on his life, resulting in his participation in the [California] Safe at Home program." (ECF No. 125-1 at 6-7.) On September 9, 2022, the Court issued an Order denying Defendant's requests to seal the entire record and/or replace his name in the record with a pseudonym. (ECF No. 126.) The Court granted Defendant an opportunity to "file a sur-reply identifying with specificity any personal information he seeks to seal and its location in the record." *Id.* at 5.

On September 23, 2022, Defendant filed a Sur-Reply. (ECF No. 127.) Defendant states:

> Defendant-Appellee Chaker has filed concurrently with this sur-reply a Notice of Lodgment, and therewith a copy of the record with the information sought to be redacted having been highlighted therein (Exhibit A to the Notice of Lodgment.) Redactions sought to be made from the record throughout were of Defendant-Appellee Chaker's name, and to the extent a family member was referred to in connection to him by the same surname, that was also redacted. If an address of Defendant-Appellee Chaker's was referenced, this was also redacted. Finally, references to the PLATINUM HOLDINGS GROUP TRUST, dba COUNTER FORENSICS, for which Defendant-Appellee is a trustee were also redacted as he could be identified/located by such information.

*Id.* at 3.

The overwhelming majority of the proposed redactions in the 1,344-page Notice of Lodgment submitted by Defendant are of Defendant's name, surname, and aliases. Defendant's request that the Court redact names of parties in the action (including Platinum Holdings Group Trust, dba Counter Forensics) is denied for the reasons previously stated in the Court's September 9, 2022, Order.

Defendant further requests the redaction of Defendant's mailing address and email address, as well as URLs to several social media accounts, blogs, and websites associated

with Defendant. Defendant is a participant in the California Safe at Home program because he received threats to his personal safety after witnessing a violent crime. Third parties could use information in the record concerning Defendant's address and internet presence to contact or locate Defendant. This information has limited value to the public. The Court finds that the threat to Defendant's personal safety posed by this information provides good cause and constitutes a compelling reason to grant the proposed redactions.[1]

IT IS HEREBY ORDERED that the Motion to Seal (ECF No. 125) is granted in part and denied in part. The motion is granted as to Defendant Darren D. Chaker's request to redact his mailing address and email address, as well as URLs to several social media accounts, blogs, and websites associated with Defendant. The motion is otherwise denied. The Clerk of the Court shall redact the following information from the record:

1. Defendant's email address and mailing address contained on page 2 of Exhibit L to the Complaint (ECF No. 1-10 at 2); page 2 of Exhibit M to the Complaint (ECF No. 1-11 at 2); and pages 2-4 of Exhibit V to the Complaint (ECF No. 1-20 at 2-3).

2. All URLs containing all or part of Defendant's name contained on pages 2-4 of Exhibit BB to the Complaint (ECF No. 1-26 at 2-4).

3. The URL contained in paragraph 70 of the Complaint (ECF No. 1 at 30, line 9); paragraph 71 of the Amended Complaint (ECF No. 25 at 30, line 15); paragraph 92 of Exhibit E to the Smith Declaration in support of Motion for Extension of Time (ECF No. 91 at 72, line 26); paragraph 70 of Exhibit A to the Bravo Declaration in support of Motion to Seal (ECF No. 118-2 at 34, line 9); and paragraph 71 of Exhibit B to the Bravo Declaration in support of Motion to Seal (ECF No. 118-2 at 73, line 15).

---

[1] The Court further instructs the Clerk of the Court to seal the Notice of Lodgment that identifies Defendant's proposed redactions because it contains the same information redacted by this Order and is otherwise entirely duplicative of the publicly accessible filings in this case.

4. The URL contained on the second line of text on page 5 of Exhibit CC to the Complaint (ECF No. 1-27 at 5).

5. The URL contained in paragraph 12 of the Complaint (ECF No. 1 at 6, line 3); paragraph 14 of Exhibit E to the Smith Declaration in support of Motion for Extension of Time (ECF No. 91 at 45, line 18); and paragraph 12 of Exhibit A to the Bravo Declaration in support of Motion to Seal (ECF No. 118-2 at 10, line 3).

IT IS FURTHER ORDERED that the Clerk of the Court shall seal the Notice of Lodgment (ECF Nos. 127-1, 127-2) filed in support of Defendant's Sur-Reply.

Dated: September 29, 2022

*William Q. Hayes* (signature)
Hon. William Q. Hayes
United States District Court